## DAVIS *v.* WAKELEE.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 181. Argued January 25, 1895. — Decided March 4, 1895.

An appeal authorized by the appellant personally, and in good faith entered in this court in the name of his attorney and counsel below, will not be dismissed simply because that counsel had not authorized such entry, when the appellant, on learning of the mistake, appears by other counsel and prosecutes it in good faith.

The omission to describe in an appeal bond the term at which the judgment appealed from was rendered is an error which may be cured by furnishing new security.

D. was adjudicated a bankrupt in 1869 in California. W. then held six promissory notes executed by him which were proved in bankruptcy against D. D. then removed to New York. After that W., by leave of court, reduced his claim to judgment in a state court of California, the only notice to D. being by publication, and D. never appearing. In 1875 D. petitioned for his discharge. W. opposed it. D. moved to dismiss the objection on the ground that the claim of W. had been absorbed in a judgment obtained after the commencement of the proceedings in bankruptcy, which would remain in force. The court sustained the motion, cancelled the proof of the debt and dismissed the specification of opposition. W. then filed a bill in equity in the Circuit Court of the United States for the Southern District of New York to enforce an estoppel, and to enjoin D. from asserting in defence of any suit which might be brought upon the judgment that the debt upon which it was obtained was not merged in it, and from denying its validity as a debt against D. unaffected by the discharge. *Held,*

(1) That the judgment was undoubtedly void for want of jurisdiction;

(2) That nevèrtheless D. was estopped in equity from claiming that it was void ;

(3) That in view of the uncertainty which appeared to exist in New York as to whether a complaint in an action at law would or would not be demurrable, it must be held that the remedy at law was not so plain or clear as to oust a court of equity of jurisdiction ;

(4) That the decree below restraining D. from asserting that the judg- ment was invalid should be affirmed.

THIS was a bill in equity, filed by Angelica Wakelee, a citizen of the State of California, against Davis, a citizen of New York, to enforce an estoppel, and to enjoin the defendant from asserting, in defence of any suit which may be brought upon a certain judgment recovered by Henry P. Wakelee against Davis, in one of the state courts of California, that the debts upon which such judgment was obtained were not merged in such judgment, and from denying the validity of the judgment, as a debt against Davis, unaffected by his discharge in bankruptcy.

The bill averred, in substance, that in August and September, 1869, Davis executed six promissory notes, amounting to about $15,725, to the order of Henry P. Wakelee, and delivered them to him, and that they subsequently became the property of the plaintiff; that on or about September 30, 1869, Davis was adjudged a bankrupt upon his own petition, by the District Court for the District of California, and the notes in question were duly proved against his estate; that on July 8, 1873, the bankruptcy court granted the said Henry P. Wakelee leave to bring an action upon these notes, and that such action was begun by publication of a summons, under the laws of the State, and without personal service upon Davis; that on November 18, 1873, Davis not appearing, and no service having been made upon him, judgment was entered against him in the sum of $22,760.26.

The bill further alleged that on December 23, 1875, Davis filed in the bankruptcy court a petition for his discharge, and that Wakelee thereupon filed specifications of opposition, which Davis moved to dismiss, upon the ground that Wakelee, subsequent to the commencement of the proceedings in

bankruptcy, had, by leave of the court, brought suit upon such notes, obtained judgment thereon, " and that said judgment still stood of record in said fifteenth District Court, and was in full force." That such motion came on for argument, and it was there claimed by counsel duly authorized to represent Davis, that, by reason of the above facts, the original debt of Davis to Wakelee, which had been proved up in the bankruptcy proceeding, had become merged in the judgment obtained November 18, 1873, in the state court of California, and thereby became a new debt, created since the adjudication of Davis as a bankrupt. That such judgment was subsisting, valid, and enforceable, and would not be barred, discharged, or in anywise affected by the discharge of the defendant in bankruptcy. That by reason thereof, Wakelee had no standing, was not interested in the bankruptcy proceedings, and was not, therefore, competent to oppose the discharge of Davis. That upon such motion an order was made by the District Court in bankruptcy that Wakelee's proof of debt be cancelled, and his specifications of opposition to the discharge be dismissed and set aside. That Wakelee relied upon the claims and admissions of Davis and of his counsel, and accepted as correct and binding the order of the District Court dismissing his opposition, and did not appeal therefrom. That the order was accepted by Davis, who subsequently obtained his discharge.

That the judgment was subsequently assigned to Angelica Wakelee, the plaintiff, and in equity was of full and binding force and validity by reason of the facts above stated; but that in sundry actions instituted upon such judgment between Davis and the then owner of the judgment, Davis claimed and set up that the judgment was void, because of the lack of jurisdiction of the court wherein it was entered, for the reason that he was not personally served with process, and did not appear in the action, and also pleaded his discharge in bankruptcy as a bar to a recovery upon such judgment. That plaintiff is about to commence an action at law upon such judgment against Davis in the State of New York, wherein defendant now resides; and that she is informed that, under

the law of the State of New York, the facts herein set forth cannot be pleaded in the plaintiff's complaint in aid of her cause of action, but that such action must be brought upon such judgment alone, and that it is necessary to allege in the complaint either the facts showing the jurisdiction of the court, or that the judgment was *duly* entered, which cannot be truthfully done.

Wherefore plaintiff prayed for the assistance of a court of equity to adjudge Davis to be estopped by his conduct, and that he be enjoined from asserting that the debts proved up by Wakelee against him were not merged in the judgment, or from asserting the invalidity of the judgment, or that the same does not constitute a new debt unaffected by Davis' final discharge in bankruptcy.

A demurrer was filed to this amended bill, which was overruled, 38 Fed. Rep. 878, and defendant answered admitting, denying, or ignoring the several allegations of the bill, but setting up no new matter.

Upon a final hearing upon pleadings and proofs the plaintiff was awarded a decree for an injunction restraining the defendant from asserting that the judgment of November 18, 1873, was invalid, and did not still stand of record. 44 Fed. Rep. 532. From this decree the defendant appealed to this court. A motion to dismiss the appeal was made and submitted. *Mr. Anson Maltby* for the motion to dismiss. *Mr. Henry A. Root, Mr. Joseph II. Choate, and Mr. Thaddeus D. Kenneson* opposing.

*Mr. Walter S. Logan,* (with whom was *Mr. Charles M. Demond* on the brief,) for appellant, on the merits.

*Mr. Anson Maltby* for appellee, on the merits.

MR. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

Motion was made to dismiss the appeal in this case, upon the ground (1) that the appearance of Mr. Henry A. Root, as counsel for the appellant herein, which was entered at the time the case was docketed, was unauthorized by him, and

made without his knowledge; and (2) that the appeal bond is defective in failing to state the term at which the decree of the Circuit Court was rendered.

1. So far as the first ground is concerned, it appears that Mr. Root, then residing in the city of New York, was solicitor for the defendant in the court below; that he had taken no steps to sever his connection with the case, by substituting other counsel; and that his appearance in this court was entered at the time the case was docketed, by other counsel, in good faith, and by virtue of a supposed authority from him. Under these circumstances, and, inasmuch as other counsel have appeared and taken charge of the case, the appellant should not lose his right to a review of the case by this court through a mistake which not only appears to have been purely accidental, but one which could not possibly have prejudiced the appellee. It was held by this court in the case of *United States* v. *Curry*, 6 How. 106, 111, and *Tripp* v. *Santa Rosa Street Railroad*, 144 U. S. 126, that service of a citation on appeal upon the solicitor in the court below was good, upon the ground that no attorney or solicitor can withdraw his name after he has once entered it without the leave of the court; and while his name continues on the record the adverse party has the right to treat him as the authorized attorney or solicitor, and service of notice upon him is as valid as upon the party himself. That even after the case is finally decided the court will not permit an attorney who has appeared at the trial to withdraw his name, and thus to embarrass and impede the administration of justice. While it does not follow that the attorney or solicitor in the court below is presumed to continue as such, after the docketing of the case in this court, the fact that Mr. Root had charge of the case in the Circuit Court might have induced the counsel, who entered his appearance in this court, to believe that it was authorized by him. As the petition was signed and sworn to by the appellant in person, there can be no claim that the appeal was taken without authority.

2. The second ground is that the appeal bond is defective, in failing to mention the term at which the decree was ren-

dered. This ground is also insufficient. To a person reading the bond, there could be no mistaking the identity of the decree appealed from. The bond is properly entitled in the cause, the name of the court is correctly given, and there is nothing to indicate that a decree had been rendered in any other cause between the same parties in that court. Of a similar mistake it was said by the Chief Justice in *New Orleans Insurance Co.* v. *Albro Co.*, 112 U. S. 506, 507 : " The better practice undoubtedly is to specify the term in describing the judgment, but the omission of such a means of identification is not necessarily fatal, and certainly, before dismissing a case on that account, opportunity should be given to furnish new security."

3. The facts of this case are not complicated, nor its merits difficult to understand. Henry P. Wakelee held six promissory notes, executed by Davis, in August and September, 1869. On September 30, 1869, Davis was adjudicated a bankrupt upon his own petition, in the District Court of California, and in July, 1873, Wakelee applied for and was granted leave to reduce his claim to judgment in the state court. On July 19, 1873, Wakelee brought suit in the District Court of the Fifteenth Judicial District of California, and obtained a judgment in the following November, upon a service by publication only, in the sum of $22,760.26 in gold. As Davis, who then lived in New York, was never served with process, and never appeared in the action, such judgment was undoubtedly void. *Pennoyer* v. *Neff*, 95 U. S. 714.

Subsequently, and in December, 1875, Davis filed his petition for discharge, and Wakelee filed specifications of opposition thereto, which Davis moved to dismiss upon the ground that Wakelee had reduced his claim to judgment, since the commencement of the bankruptcy proceedings; that such judgment was in full force, and (argumentatively) would be unaffected by the discharge. The court took this view, cancelled the proofs of debt, and dismissed the specifications of opposition to his discharge. Wakelee did not appeal. The question before us is, whether Davis is now estopped to claim that the judgment is void for want of jurisdiction.

Defendant's principal contention is that a court of equity has no jurisdiction of this case, not only because a bill will not lie to enjoin a person from setting up a defence in an action which may never be brought, but that the plaintiff may avail herself of the alleged estoppel *in pais* in any action at law she may choose to bring upon the California judgment. Bills in equity to enjoin actions at law are not infrequently brought by defendants in such actions to enable them to avail themselves of defences which would not be valid at law. Examples of such bills are found in the case of *Drexel* v. *Berney*, 122 U. S. 241, wherein a bill was sustained by a defendant in an action at law, to enjoin the plaintiff in such action from setting up certain facts, of which it was claimed she was equitably estopped to avail herself in such action; and in the recent case of *Wehrman* v. *Conklin*, 155 U. S. 314, decided at the present term, in which a bill was sustained by a defendant in ejectment, to enjoin the plaintiff from availing himself of a deed, against the use of which he was held to be equitably estopped. Analogous cases are those in which bills have been sustained to enable a defendant to make use of an equitable set-off. *Rolling Mill Co.* v. *Ore and Steel Co.*, 152 U. S. 596; *Greene* v. *Darling*, 5 Mason, 201, 209; *Howe* v. *Sheppard*, 2 Sumner, 409; *Duncan* v. *Lyon*, 3 Johns. Ch. 351; *Dale* v. *Cooke*, 4 Johns. Ch. 11.

While our attention has not been called to any case wherein a bill has been sustained in favor of a *plaintiff* in a proposed action at law, to enjoin the defendant from setting up a threatened defence, upon the ground that he is equitably estopped from so doing, we know of no good reason why he should not be permitted to do so, unless his remedy at law be plain, adequate, and complete. And therein lies the stress of defendant's argument in this case.

We are not impressed with the strength of his position in this connection, that this is a bill to declare future rights, within the principle of *Cross* v. *De Valle*, 1 Wall. 1, wherein the Circuit Court was held not to have erred in dismissing a cross-bill, in which it was called upon to declare the fate of certain contingent remainders. The cross-bill was held to have been

properly dismissed, upon the ground that the court had no power to decree *in thesi*, as to the future rights of parties not before the court, or *in esse*. The bill under consideration, however, does not involve questions of future rights, but of the present right of a party to set up a defence in an action, which may hereafter be brought against him.

Plaintiff's theory in this connection is thus stated in her bill, that "under the law of the State of New York, where said action is to be brought, in an action at law to recover the amount due upon said judgment, the facts subsequent to such judgment, as hereinbefore set forth, and constituting the estoppels as herein claimed and insisted upon, may not be pleaded in the plaintiff's complaint as or in aid of a cause of action, but that such action must be brought upon such judgment alone, and that by the law of the said State of New York it is necessary in an action at law upon such judgment to allege in the complaint either the facts showing the jurisdiction of the court in which the judgment was entered, or that the judgment was *duly* entered, and that unless this be done the complaint would be dismissed on demurrer; that your oratrix is unable truthfully to allege in such complaint such jurisdictional facts or that such judgment was duly entered, and that your oratrix is thus remediless in an action at law," etc. In support of this contention we are cited to section 532 of the New York Code, which reads as follows: "In pleading a judgment, or other determination, of a court or officer of special jurisdiction, it is not necessary to state the facts conferring jurisdiction; but the judgment or determination may be stated to have been duly given or made. If that allegation is controverted, the party pleading must, on the trial, establish the facts conferring jurisdiction." Appellant argues with great insistence that this refers only to courts or officers "of special jurisdiction;" and this appears to be the implication from the language and the punctuation, although this provision was taken from section 138 of the Code of Civil Procedure of 1847, which reads as follows: "In pleading a judgment, or other determination of a court, or officer of special jurisdiction," indicating that

the words " special jurisdiction " referred only to the word
·" officer."

:The. section, however, was probably intended to change the
. common law in some particular, and as in declaring. upon
. judgments of courts of general jurisdiction, it was never
necessary to state the facts showing jurisdiction, while the
. contrary was true with regard to courts of special or limited
jurisdiction; (*Turner* v. *Rody*, 3. N. Y. 193,) the provision was
doubtless intended to apply to the latter class. But even
supposing it were sufficient to allege simply the recovery of
· a judgment,· the judgment record when put 'in evidence,
would show that personal service had never been obtained
upon the defendant, and the plaintiff would inevitably be
non-suited.· Whether the plaintiff could go still farther, and
set up an invalid judgment and a subsequent estoppel *in pais*,
· appears to be under the authorities in New York and other
States, a matter of considerable doubt.     *Welland Canal Co.* v.
*Hathaway*, 8 Wend. 480 ; *Gaylord* v. *Van Loan*, 15 Wend. 308 ;
*Hostler* v. *Hays*, 3 California, 302 ; *Bank of Wilmington* v. *Wol-
laston*, 3 Harr. (Del.) 90; *Caldwell* v. *Auger*, 4 Minnesota, 217.
· So, too, whether the section above quoted applies to judg-
ments rendered in other States seems to be doubtful, the New
York authorities being divided upon the question.

In the uncertainty which appears to exist in that State, as
to whether a complaint setting forth all the facts would or
would not be demurrable, we think it may be fairly said that
the remedy at law is not so plain or clear as to oust a court of
equity of jurisdiction. It is a settled principle of equity
jurisprudence that, if the remedy at law be doubtful, a court
of equity will not decline cognizance of the suit. .*Boyce* v.
*Grundy*,· 3 Pet.· 210 ; *Watson* v. *Sutherland*, 5 Wall. 74, 79 ;
*Rathbone* v. *Warren*, 10 Johns. 587 ; *King* v. *Baldwin*, 17
Johns. 384 ; *American Insurance Co.* v. *Fisk*, 1 Paige Ch. 90 ;
*Teague* v. *Russell*, 2 Stew. (Ala.) 450 ; *Southampton Dock Co.* v.
.*Southampton Harbour Board*, L. R. 11 Eq. 254 ; *Weymouth* v.
. *Boyer*, 1 Ves. Jr. 416. Where equity can give relief plaintiff
ought not to be compelled to speculate upon the chance of
. his obtaining relief at law.

4. If jurisdiction be conceded, there can be no doubt that the court made a proper disposition of the case upon the facts. Davis procured the dismissal of Wakelee's specifications of opposition to his discharge, upon the ground that he had a valid judgment against him which was still in full force, and under the law would be unaffected by his discharge. The court was of the same opinion, and dismissed the specifications. Wakelee acquiesced in this and did not appeal. It is true that it had theretofore been held in California that a personal judgment obtained by service by publication was valid. *Hahn* v. *Kelly*, 34 California, 391. But the case of *Pennoyer* v. *Neff*, 95 U. S. 714, holding such judgments to be invalid, was not decided until the following year. This case was afterwards followed in California in *Belcher* v. *Chambers*, 53 California, 635. The weight of authority appears also to have been that a judgment, obtained after the commencement of bankruptcy proceedings, merged the debt upon which it was obtained, and was unaffected by a subsequent discharge; though this court subsequently held in *Boynton* v. *Ball*, 121 U. S 457, that a discharge in bankruptcy might be set up to stay the execution of a judgment recovered against a bankrupt after the commencement of proceedings in bankruptcy and before the discharge. But even if Davis had been mistaken as to his legal rights with respect to this judgment and its subsequent discharge, his assertion that it was still of record and in full force, is none the less binding upon him, in view of Wakelee's acquiescence in the ruling of the court sustaining this contention.

It may be laid down as a general proposition that, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him. Thus in *Philadelphia &c. Railroad* v. *Howard*, 13 How. 307, 332, 333, 336, 337, where a corporation sought to defend against an instrument by showing that the corporate seal was affixed thereto without authority, and that it was not, sealed or

unsealed, intended to be the deed of the corporation, evidence was held to be admissible to show that, in a former suit, the corporation had treated and relied upon the instrument as one bearing the corporate seal. In delivering the opinion, the court observes : " The plaintiff was endeavoring to prove that the paper declared on bore the corporate seal of the Wilmington and Susquehanna Railroad Co. This being the fact to be proved, evidence that the corporation, through its counsel, had treated the instrument as bearing the corporate seal, and relied upon it as a deed of the corporation, was undoubtedly admissible. . . . The defendant not only induced the plaintiff to bring this action, but defeated the action in Cecil County Court, by asserting and maintaining this paper to be the deed of the company ; and this brings the defendant within the principle of the common law, that when a party asserts what he knows is false, or does not know to be true, to another's loss, and to his own gain, he is guilty of a fraud ; a fraud in fact, if he knows it to be false, a fraud in law, if he does not know it to be true. . . . We are clearly of opinion, that the defendant cannot be heard to say, that what was asserted on a former trial was false, even if the assertion was made by mistake. If it was a mistake, of which there is no evidence, it was one made by the defendant, of which he took the benefit, and the plaintiff the loss, and it is too late to correct it."

So in *Railroad Company* v. *McCarthy*, 96 U. S. 258, 267, it appeared that defendant proved on the trial in the court below that it was impossible to forward certain cattle on Sunday, for want of cars, and it was held to be fairly presumed that no other reason was given for the refusal at that time ; and that the railway company could not, in this court, set up the illegality of such a shipment on the Sabbath, under the Sunday Law of West Virginia. In delivering the opinion of the court Mr. Justice Swayne says : " Where a party gives a reason for his conduct, and decision touching anything involved in a controversy, he cannot, after the litigation has begun, change his ground, and put his conduct upon another and different consideration. He is not permitted thus to mend

his hold." To the same effect are *Railroad Co.* v. *National Bank*, 102 U. S. 14 ; *Daniels* v. *Tearney*, 102 U. S. 415, 421 ; *Everett* v. *Saltus*, 15 Wend. 474 ; *Holbrook* v. *Wight*, 24 Wend. 169 ; *Winter* v. *Coit*, 7 N. Y. 288 ; *Mills* v. *Hoffman*, 92 N. Y. 181 ; *Wood* v. *Seely*, 32 N. Y. 105 ; *Ellis* v. *White*, 61 Iowa, 243 ; *Test* v. *Larsh*, 76 Indiana, 452.

The case of *Abbot* v. *Wilbur*, 22 La. Ann. 368, is directly in point. This was a suit by Abbot for the purpose of annulling a judgment obtained by Wilbur, upon the ground that such judgment had been rendered by default, and without personal service of citation upon the defendant. Wilbur pleaded in answer to this, and proved that, in a suit by Abbot against one Borge, the latter had set up a reconventional demand or set-off to a large amount, in answer to which Abbot set up that the reconventional demand had already been reduced to judgment against him in the suit which he now sought to annul for the want of personal service. It was held that, Abbot having defeated a large demand against him by a plea that there was pending against him a suit for the same demand, he was estopped to say that the assertion was false, and that he had never been cited in such suit.

It is contrary to the first principles of justice that a man should obtain an advantage over his adversary by asserting and relying upon the validity of a judgment against himself, and in a subsequent proceeding upon such judgment, claim that it was rendered without personal service upon him. Davis may possibly have been mistaken in his conclusion that the judgment was valid, but he is conclusively presumed to know the law, and cannot thus speculate upon his possible ignorance of it. He obtained an order which he could only have obtained upon the theory that the judgment was valid — his statement that it was in force was equivalent to a waiver of service, a consent that the judgment should be treated as binding for the purposes of the motion, and he is now estopped to take a different position.

There is another circumstance, however, which shows that Davis did not act under a *bona fide* mistake of law, and that he never intended to recognize the judgment as valid any

longer than it was for his interest to do so; since, immediately after his discharge was obtained, he made application to the state court in which the judgment had been rendered, for an order to vacate it upon the ground that the judgment was void by reason of the service of summons by publication, as well as that it had been barred by the discharge in bankruptcy. The court granted his motion to vacate his judgment upon the latter ground, though this order was reversed on appeal to the Supreme Court.

Our conclusion is that, as matter of law, appellant is now estopped to claim that the judgment of the California court was void for want of jurisdiction.

The decree of the court below is, therefore,

*Affirmed.*