In re DECKER'S ESTATE.

(First Division. Juneau. September 29, 1906.)

No. 435A.

1. JUDGMENT (§ 475*)—COLLATERAL ATTACK—PROBATE COURTS IN ALASKA.

Where the jurisdiction of the probate court of Alaska is established, its judgment, orders, and decrees can be attacked collaterally for fraud only.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 910; Dec. Dig. § 475.*]

2. ESTOPPEL (§ 68*)—EQUITABLE ESTOPPEL—CHANGE OF THEORY IN TRIAL.

Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

assume a contrary position to the prejudice of the party who has acquiesced in the position formerly taken by him.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 165–169; Dec. Dig. § 68.*]

This is an appeal from an order of the probate court for the Juneau precinct, overruling a demurrer to an affirmative answer filed in that court. As disclosed by the transcript on appeal, the facts set up are these:

For a number of years prior to April 20, 1899, Edward O. Decker, the intestate herein, and J. M. Decker, were copartners in business at Juneau and Dyea. Edward O. Decker was married, but there were no children. On the 20th of April, 1899, E. O. Decker died intestate. Soon thereafter, on the 23d day of June, 1899, J. M. Decker, the surviving partner, was by order of the probate court appointed administrator of the partnership estate, and he proceeded with the administration thereof. Some two years later, on August 3, 1901, the widow and sole heir, Elizabeth Decker, applied to the probate court for the Juneau precinct for, and received, the appointment of administratrix of the individual estate of the deceased. Then followed a series of transactions, written agreements and stipulations between J. M. Decker, personally and as administrator of the partnership, and Elizabeth Decker, personally and in her various other capacities. On August 2, 1902, the probate court, on due notice, made an order distributing, settling, and closing the partnership administration. A few days later, on August 20, 1902, the final account of Elizabeth Decker as administratrix having been theretofore filed, the probate court made an order allowing and approving her final account, distributing the residue of the estate, which is described in the order, and "any other property not now discovered which may belong to said estate, or in which said estate may have an interest." Some

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

three years thereafter one J. T. Martin, without alleging any interest whatsoever to entitle him to do so, filed in the probate court a petition alleging that the administration of the partnership estate was null and void ab initio, because of certain acts and omissions of J. M. Decker, the surviving partner and administrator, and that the administration of the estate of E. O. Decker by Elizabeth Decker was rendered void and of no effect for the reason that she never made or filed an inventory of the personal or partnership property of her intestate. The prayer of the petition is that petitioner may be appointed administrator of the estate of E. O. Decker. Elizabeth Decker, the widow and sole heir, and the person who formerly administered the estate of E. O. Decker, joins in the petition for the appointment of Martin. To this petition J. M. Decker, the former administrator of the partnership estate, answered.

His affirmative answer sets out the entire administration of both estates, and the various agreements, stipulations, and receipts, and the two final decrees. Against this affirmative matter set up in the answer the petitioner directed his demurrer, on the ground that it "does not state facts sufficient to constitute a defense to said petition." This demurrer was overruled in the probate court, and the case was brought here on appeal by the petitioner.

E. M. Barnes, for appellant.

Winn & Heard, Shackleford & Lyons, and Heid & Day, for respondents.

GUNNISON, District Judge. Respondents claim an estoppel, on the ground that a judgment of the probate court is not subject to a collateral attack. This court has heretofore held, in the matter of Sylvester's Adm'r v. Willson's Adm'r, 2 Alaska, 325, that:

"The probate court of the district of Alaska is an inferior court and possesses only limited jurisdiction. This being the fact, its orders, judgments, and decrees carry no presumption of regularity, since that presumption arises only upon those of the superior courts and those having a general jurisdiction."

In other words, the jurisdiction of the probate court to hear and determine must first be established by showing the steps which gave to the court the authority over the matter under consideration. After the jurisdiction is established, the judgment, orders, and decrees can be attacked collaterally for fraud only. The authorities cited by counsel all support that proposition. In the case of McNitt v. Turner, 16 Wall. 366, 21 L. Ed. 341, the court says: .

"Jurisdiction is authority to hear and determine. It is an axiomatic proposition that when jurisdiction has attached, whatever errors may subsequently occur in its exercise, the proceedings, being coram judice, can be impeached collaterally only for fraud."

See, also, Grignon's Lessee v. Astor, 2 How. 319, 11 L. Ed. 283; Simmons v. Saul, 138 U. S. 439, 11 Sup. Ct. 369, 34 L. Ed. 1054.

Thus where the jurisdiction in the court and its right or authority to hear and determine are once established, the presumption of verity attaches, but not until then.

But, whether the judgments of the probate court act as an estoppel of record or not, the court is of the opinion that the affirmative defense was well pleaded by the respondents. In the case of Davis v. Wakelee, 156 U. S. 680, 689, 14 Sup. Ct. 555, 39 L. Ed. 578, the court said:

"It may be laid down as a general proposition that where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not therefore assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him."

For the purposes of the demurrer, the facts set up in the affirmative answer must be taken as true. Elizabeth Decker is the sole heir and only person to be benefited by the reopening of this matter in the probate court. She alone could profit by it. The allegations of the answer disclose certain acts upon her part that bring the matter within the rule just stated. These acts in themselves raise an estoppel in pais, and are properly set up in the affirmative answer.

The demurrer was properly overruled in the probate court.