### WAYNE COUNTY SECURITIES CO. v. HUGHITT et al.

(District Court, N. D. Illinois, E. D. May 1, 1915.)

No. 206.

1. JUDGMENT ⬥570—RES JUDICATA—JUDGMENTS OPERATIVE AS BAR—DISMISSAL.

The dismissal of an action for want of jurisdiction was not res judicata of anything, and left the parties as if no suit had ever been brought.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1028–1034, 1036–1040, 1042–1045, 1165; Dec. Dig. ⬥570.]

2. ESTOPPEL ⬥68—JUDICIAL PROCEEDINGS—DEFENSES INCONSISTENT WITH PREVIOUS POSITION.

In an action on a foreign judgment and on the original cause of action, defendants' motion to strike out all evidence as to the original cause of

action, on the ground that such cause of action was merged in the judgment, did not preclude defendants from showing that the judgment was invalid.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 165–169; Dec. Dig. ⊙═68.]

**3. ESTOPPEL ⊙═68—ENJOINING DEFENSES AT LAW—ESTOPPEL.**

In an action on a foreign judgment and on the original cause of action, the evidence in support of the original cause of action was stricken on defendants' motion, on the ground that such cause of action was merged in the judgment, and the action was then dismissed for want of jurisdiction. *Held*, that in a suit for an injunction defendants could not be enjoined from challenging the validity of the judgment in an action thereafter to be brought thereon on the ground that they had elected to affirm the validity of such judgment, there being no element of estoppel, as they forced no cause of action on plaintiff, but merely asked for a ruling of the court on the legal effect of plaintiff's own conduct.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 165–169; ˙Dec. Dig. ⊙═68.]

In Equity. Suit by the Wayne County Securities Company against Marvin Hughitt, Jr., and others, partners, doing business as the Chicago Car Lumber Company. Bill dismissed, and case transferred on motion to the law side of the court.

Otto Gresham, Jennings & Fifer, and Orpheus A. Harding, all of Chicago, Ill., for plaintiff.

Harry A. Biossat, of Chicago, Ill., for defendants.

CARPENTER, District Judge. Bill filed for an injunction. The record shows that the plaintiff recovered a judgment in the circuit court of Edmondson county, Ky., at the March term, 1912, for $11,-722.08. On December 7, 1912, the plaintiff brought action in the municipal court of Chicago against the defendants. In that cause the plaintiff, as it had a right to do, declared and counted both upon the original cause of action and upon the Kentucky judgment. The defendants, without challenging the jurisdiction of the municipal court, or joinder of the causes of action, joined issue thereon by filing an affidavit of merits, denying, among other things, the performance of the original contract with the plaintiff, and claiming that the Kentucky judgment was invalid because of improper service.

Afterwards, on October 18, 1915, the case was called for trial in the municipal court without a jury. Considerable oral and written testimony was adduced on behalf of the plaintiff tending to prove merits under the original contract with the defendants, upon which the judgment was secured in Kentucky. After the plaintiff had concluded its evidence on the merits, it introduced a transcript of the Kentucky judgment, and oral testimony tending to show its validity. All the evidence on plaintiff's part having been heard, except the examination of the defendants, as allowed under the Municipal Court Act (Hurd's Rev. St. 1913, c. 37), the defendants moved the court to strike out all the evidence offered on the merits of the original cause of action on the

ground that the same was merged in the Kentucky judgment, as evidenced by the transcript which had been introduced. The court did so, and thereupon the defendants moved the court to dismiss the suit for want of jurisdiction, which was done.

Plaintiff here claims that the defendants, by their conduct in the municipal court, have elected to and did affirm the validitv of the Kentucky judgment, and that in good conscience and equity they ought to be enjoined from challenging that position in some appropriate action hereafter to be brought. In the opinion of the court there are two reasons why the contention of the plaintiff here must fail:

[1] First. Because, the municipal court having dismissed the cause of action for want of jurisdiction, the parties are as if no suit had ever been brought. It is not res adjudicata of anything.

[2, 3] Second. The plaintiff took its own course in modeling its pleadings in the municipal court. No motion was made by the defendants to force the plaintiff to elect on which cause of action it would proceed. When the plaintiff had finished its proof, the defendants moved to strike out the evidence on the merits as inconsistent with the existence of a valid judgment. That motion prevailed. The defendants, then, were not precluded from proceeding with their defense and showing that the judgment was in fact an invalid judgment. In other words, after all the testimony was in, the plaintiff was forced, by its original action, to elect in what manner it would proceed. It could, at the time the motion to strike was made, have withdrawn its evidence as to the judgment, had it seen fit; but clearly the defendants did not deprive themselves of making their defense on the judgment by moving to strike out all evidence on the merits. The introduction in evidence of the judgment on the part of the plaintiff indicated an election to proceed on the basis of the judgment.

Much reliance is placed by the plaintiff upon the case of Davis v. Wakelee, 156 U. S. 680, 15 Sup. Ct. 555, 39 L. Ed. 578. That case is very different from the one now under consideration. There the party enjoined was forced to give up a motion to prevent the discharge of the bankrupt, by the insistence of the bankrupt that certain judgments recovered in California were valid judgments. The bankrupt secured his discharge, and afterwards, when an attempt was made to enforce the judgments (they being of the kind that were not discharged in bankruptcy) the defendant attempted to show them invalid, but the court held that it was inequitable for such a defense to prevail. In the present case there is no element of estoppel. The municipal court, in passing on defendants' motion, merely determined that the plaintiff by its own action had elected to proceed on the judgment, because it is well known that in such cases the contract relation is merged in the judgment. The defendants did not force the cause of action on the plaintiff; they asked for a ruling of the court on the legal effect of the plaintiff's own conduct, which certainly does not involve any element of estoppel. Moreover, as was stated at the outset, the municipal court having held that it was without jurisdiction to entertain a suit upon a foreign judgment, the cause was dismissed without prejudice, and the plaintiff may still bring its

action in a proper forum, and the defendants may still make any proper defense.

The bill will be dismissed for want of equity, at the plaintiff's costs.

NOTE.—On a subsequent day the plaintiff moved to transfer its case to the law side of the court, which was allowed.