### GOON WING JUNG v. JOHNSON.

(District Court, D. Massachusetts. January 10, 1923.)

No. 2271.

Estoppel ⊂⊃69—Inconsistent position; immigrant estopped by his testimony on admission.

A Chinese person, who on entry from China testified that he was born in China, cannot maintain an action to require issuance to him of a certificate as a native-born American citizen, on his claim that such testimony was false.

Certiorari. Petition by Goon Wing Jung against John P. Johnson. Dismissed.

Stanley A. Dearborn, of Boston, Mass., for petitioner.

MORTON, District Judge. This is a petition for certiorari to the commissioner of immigration at the port of Boston. The petition alleges that the petitioner is an American citizen, born in San Francisco, of Chinese parentage; that his citizenship was established by the decision of a United States commissioner, rendered on December 31, 1896, in deportation proceedings against the petitioner; that thereafter the petitioner returned to China, where he lost the certificate which had been issued to him on such judgment; that he was advised that he could not re-enter this country without it; that he thereupon procured a certificate as a Chinese merchant; that with this certificate he re-entered this country on October 10, 1910, at which time he testified

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

before the immigration board that he had been born in China. Upon this testimony he was admitted.

The petition further alleges that he now desires to return again to China, and applied for preinvestigation of his status in order to facilitate his re-entry to this country; that thereupon an investigation was made by the Immigration Department, at which the petitioner "repudiated" his testimony which he had given on his admission to the country in 1910, and (as I think the petition is intended to allege) testified that he was born in this country. He procured witnesses who had known him here before 1910 to prove that he had been in the country before that date, and that his testimony given in connection with his admission at that time was false. There was no contradicting testimony.

The immigration tribunals declined to issue the certificate. The petition further alleges that in so doing they acted arbitrarily and capriciously, and denied to the petitioner his rights as an American citizen. He therefore prays, inter alia, that the Commissioner of Immigration be ordered to certify the record, in order that the alleged injustice may be corrected. The respondent has moved to dismiss.

The case is one of first impression. There is no precedent, so far as known. I have great doubt whether certiorari lies; but it is unnecessary to decide the question, because upon another ground the petition must be dismissed.

The petitioner testified in 1910 before the immigration tribunal that he was born in China. In the recent proceedings he testified that his previous testimony was false and perjured, and he now complains that the immigration tribunals were arbitrary and capricious for not accepting his later story and for holding him to his earlier one. Effrontery could hardly go further. Courts are not open to such experimentation with perjury. It is well settled that a party who has definitely taken and maintained a certain position will not be heard to say, when his interest changes, that his assertions were false and the judgment which he obtained a fraud. Davis v. Wakelee, 156 U. S. 680, 688, 15 Sup. Ct. 555, 39 L. Ed. 578.

Petition dismissed.