MEMORANDUM ON MOTION TO DISMISS BILL OF COMPLAINT
ADKINS, J.
Plaintiff Minnix entered into a contract to build an addition to the house of defendant. The contract was one of the uniform contracts adopted by the American Institute of Architects and the National Association of Builders. Art. XII provides that in case of certain disagreements between the parties—
“the matter shall be referred to a Board of Arbitration to consist of one person selected by the owner and one person selected by the contractor, these two to select a third. The decision of any two of this Board shall be final and binding on both parties hereto.”
Plaintiff alleges performance of the contract by himself and defendant’s refusal to pay the amount due; that he has requested defendant to join him in appointing a board of arbitration but that defendant refuses. Plaintiff therefore prays that plaintiff be compelled to specifically per *30 form the contract as to arbitration and that upon approval of the award of the Board of Arbitration a final decree be entered in accordance therewith.
Defendant moves to dismiss on the ground that such a contract will not be enforced specifically and that plaintiff has a plain, adequate and complete remedy at law.
Counsel for both parties agree that the remedy of specific performance has never been granted in such a case unless authorized by an arbitration statute. See 58 C. J. 1045, note 65.
In Tobey v. County of Bristol, 3 Story 800, 23 Fed. Case. 1313, Case No. 14065 Mr. Justice Story considered the matter at length and held that an equity court was without power to compel a party to perform his agreement to submit a question to arbitration.
This rule has never been departed from in the Federal courts. See Red Cross Line v. Atlantic Fruit Co., 264 U. S. 121.
One of the reasons for this rule is that the plaintiff has an adequate remedy at law by suing for breach of the contract. Counsel for plaintiff in the present case apparently feared that under the terms of the contract he would be without any legal remedy until there had been an award by a board of arbitration.
In my judgment plaintiff undoubtedly has a right to sue at law for all breaches of the contract.
Defendant having moved to dismiss the present bill on the ground that there is a remedy at law and having succeeded in maintaining that position is now estopped from hereafter assuming a contrary position. See Davis v. Wakelee, 156 U. S. 680, 689.
Under the Act of April 19, 1920, now Section 14, Title 24 of the Code and Law Buie 63, the case will be transferred to law and the parties will proceed to amend their pleadings as may be necessary. Plaintiff will submit the order upon the usual notice.