15046

ZIMMERMAN v. CENTRAL UNION BANK
ZIMMERMAN *ET AL.* v. STATE BOARD OF BANK CONTROL
*ET AL.*

(8. S. E. (2d), 359)

520

522

524

528

*Messrs. Melton & Belser, Brown & Watts,* for appellants,

*Messrs. John M. Daniel, Attorney General, J. Ivey Humphrey* and *M. J. Hough, Assistants Attorneys General,* and *Nelson, Mullins & Grier,* for respondents,

March 26, 1940.

The opinion of the Court was delivered by MR. J. HENRY JOHNSON, ACTING ASSOCIATE JUSTICE.

By this proceeding, petitioners-appellants seek a judicial determination that the Court of Common Pleas, and not the State Board of Bank Control, has jurisdiction over the liquidation of the Central Union Bank of South Carolina, which was, on June 20, 1933, by the Governor, acting with the advice of the State Board of Bank Control, declared to be insolvent and ordered into liquidation.

At their instance, the identical issue was presented to this Court in the cause of *Dunlap & Dunlap v. Zimmerman,* 188 S. C., 322, 199 S. E., 296, 301, by the appellants in the instant cause, and such issue was there decided agreeably to the contentions therein made by Messrs. Zimmerman and Barron, who, by this appeal, now seek a contrary adjudication.

In *Dunlap's case, supra,* in a well-considered opinion delivered by Mr. Justice Fishburne, it was held: "We are of

the opinion that the intent and purpose of the law was to give to the State Board of Bank Control exclusive jurisdiction *in the first instance* in fixing and limiting attorneys' fees, and may not be defeated or subverted by any party in interest by resort to the courts, unless such Board has refused to act, or has acted in such a way as results in an abuse of discretion. In such case the Courts of Common Pleas in this state would in a proper case have the power in the exercise of their equitable jurisdiction to review the action of the Board."

On Circuit, Judge Dennis held that the opinion in *Dunlap's case* was susceptible of no other interpretation than that the present State Board of Bank Control has jurisdiction, subject to review by the Court of Common Pleas, for failure to act or for an abuse of its discretion, over the liquidation of The Central Union Bank of South Carolina, with full power and authority to fix or limit the compensation to be paid to the petitioners-appellants, to supervise and control the liquidation of the institution, to require the petitioners to dispose of the remaining assets of the bank, and to complete the liquidation thereof within a reasonable time.

His decree, which will be reported, is satisfactory to this Court, and needs no amplification other than the following: "It may be laid down as a general proposition that, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." *Davis v. Wakelee,* 156 U. S., 680, 15 S. Ct., 555, 558, 39 L. Ed., 578.

While they do not argue the issue seriously, appellants, in their brief, assert that the Board of Bank Control Act of 1936, if construed to give the State board jurisdiction over the liquidation of banks, would be unconstitutional for violation of State constitutional provisions for the separation of the judicial functions and the

vesting of such functions in the Courts, and also violative of both State and Federal Constitutions providing for due process of law, and against the enactment of legislation impairing the obligation of contract, but we are cited to no authority for such contention, and our investigation shows that similar statutes in other jurisdictions have been held to be within the power of the legislative department to enact. We are unable to find any section of the State or Federal Constitutions of which the Act in question is violative. In view of the supervisory power of the Court of Common Pleas, it cannot soundly be urged that the actions of the board of bank control, as authorized by the Act of 1936 (Act No. 802 of the Acts of 1936), constitute an infringement upon the judicial functions of the Courts.

The judgment below is affirmed.

MR. CHIEF JUSTICE BONHAM, MR. JUSTICE FISHBURNE and MR. ACTING ASSOCIATE JUSTICE E. H. HENDERSON concur.

MR. JUSTICE CARTER disqualified.