**Bernard MORAWA, Plaintiff,**

**v.**

**CONSOLIDATED RAIL CORPORA-TION, a Pennsylvania corporation, Defendant.**

**Civ. A. No. 84–CV–05194–DT.**

**United States District Court, E.D. Michigan, S.D.**

**June 16, 1986.**

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

La PLATA, District Judge.

Plaintiff, Bernard Morawa, filed suit against Defendant, Consolidated Rail Corporation, where he worked from September 15, 1965, until October, 1980, when he suffered a back injury on the job. He returned to work in July of 1981; however, he was unable to perform his job. Addi-

---

tionally, in the month of June, Plaintiff filed suit against Con Rail under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.*, seeking to recover damages for his disability as a result of the on-the-job injury. In November of 1981, Plaintiff was removed from service and placed on medical leave, as there existed no job at Con Rail that Plaintiff was qualified to perform with his restrictions.

In October of 1983, in the FELA action, a jury awarded Plaintiff $400,000.00 in damages reduced by 50 percent to $200,000.00 based on Plaintiff's comparative negligence. On November 13, 1984, Plaintiff filed this action alleging he was discriminated against because of his handicap in violation of the Michigan Handicappers' Civil Rights Act.[1] Plaintiff seeks reinstatement of his employment position and back wages from November 17, 1981.

This matter is before the Court on Defendant's motion for Summary Judgment. Defendant contends that Plaintiff is estopped from claiming that he had been discriminated against on the basis of a handicap, since he successfully prevailed in a prior litigation where he claimed that he was permanently disabled. Defendant also maintains that Plaintiff's claim is barred by the doctrine of election of remedies. Finally, Defendant argues that it did not violate the Michigan Handicappers' Civil Rights Act because Plaintiff's disability prevented him from performing the essential duties of his former position and that it could not reasonably accommodate Plaintiff's handicap without undue hardship.

■ The first issue before this Court is whether the doctrine of judicial estoppel should be applied in a subsequent proceeding when a party previously asserted an inconsistent position in a previous litigation. The doctrine of judicial estoppel is designed to protect the integrity of the judicial process. *Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166 (4th Cir.1982). The doctrine applies to a party who successfully asserted a position in a prior proceeding and estops that person from asserting an inconsistent position in a subsequent proceeding. *Smith v. Montgomery Ward & Co.*, 388 F.2d 291, 292 (6th Cir.1968), *cert. denied*, 393 U.S. 871, 89 S.Ct. 159, 21 L.Ed. 2d 139 (1968). As the United States Supreme Court stated, "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Davis v. Wakelee*, 156 U.S. 680, 689, 15 S.Ct. 555, 558, 39 L.Ed. 578 (1895).

A case of striking similarity to the case at bar, is *Scarano v. Central R.R. Co. of New Jersey*, 203 F.2d 510 (3rd Cir.1953), where a railroad worker asserted in a FELA action proceeding that he would be unable to work because of injuries incurred on the job. A verdict for a sum of over eleven times his annual salary was rendered. Subsequently, he sued for a breach of his collective bargaining agreement because the railroad refused to reinstate him. The Third Circuit affirmed the District Court's dismissal of the action, stating:

> The 'estoppel of which, for want of a more precise word, we here speak is but a particular limited application of what is sometimes said to be a general rule that' a party to litigation will not be permitted to assume inconsistent or mutually contradictory positions with respect to the same matter in the same or a successive series of suits. II Freeman on Judgments § 631 (5th ed.1925). Whether the correct doctrine is that broad we do not decide. The rule we apply here need be and is no broader than this. A Plaintiff who has obtained relief from an adversary by asserting and offering proof to support one position may not be heard later in the same court to contradict himself in an effort to establish against the same adversary a second claim inconsistent with his earlier contention. Such use of inconsistent positions would most flagrantly exemplify that playing 'fast and loose with the courts' which has been

---

1. M.C.L.A. 37.1101 *et seq.*

emphasized as an evil the courts should not tolerate." *Scarano*, at 512.

■ This Court concludes that Plaintiff did assert an inconsistent position in the prior FELA action. A review of the complaint in the FELA action indicates that Plaintiff was seeking damages for a permanent disability. Pertinent portions of that complaint read as follows:

> As a consequence of the foregoing acts of negligence of the Defendant, Plaintiff suffered grievous injuries that are severe, permanent and painful to and about the muscles, bones, ligaments, cartilages, nerves and tissues of the lumbar region of his back. (¶ 9)
>
> Plaintiff has in the past and can be expected in the future to suffer severe pain and suffering, loss of earnings and earning capacity, medical expense, past, present, and future, humiliation and embarrassment and has lost the ability to lead a normal, healthy and vigorous life free from pain. (¶ 10)

Despite the fact that he received damages for his severe and permanent injury, Plaintiff claims that Defendant should re-employ him and pay him for pain and suffering and for lost wages. Defendant did not reinstate Plaintiff because he proved in a FELA action that he was disabled and could not perform his job functions. The jurors in the FELA action awarded Plaintiff $200,000.00, a sum large enough to indicate that they were awarding money to compensate him for his inability to work in the future. Holding that Plaintiff is estopped from pursuing a claim for a violation of the Handicappers' Civil Rights Act, this Court GRANTS Defendant's Motion for Summary Judgment.