# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 25, 2008

Charles R. Fulbruge III
Clerk

No. 06-31246

ENGINES SOUTHWEST, INC.

Plaintiff-Appellant/Cross-Appellee

GRAYSON HOLDINGS, INC.

Movant-Appellant/Cross-Appellee

v.

KOHLER CO.

Defendant-Appellee/Cross-Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CV-1460

Before HIGGINBOTHAM, DAVIS, and SMITH, Circuit Judges.

PER CURIAM:[1]

I.

This case concerns a dispute over a contract (the "Distribution Agreement") entered into in 1988 between "Engines Southwest" and Kohler Co.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("Kohler"). The Distribution Agreement provided for "Engines Southwest" to engage in the wholesale distribution of engines and engine parts manufactured by Kohler. The Distribution Agreement was signed by Al Rich in his capacity as President. Al Rich is the president of Engines Southwest, Inc. ("ESI").

"Engines Southwest," a Shreveport division of Grayson Company of the Southwest, Inc. ("Grayson"), performed under the Distribution Agreement. Despite this fact, on July 21, 2003, ESI and not Grayson sued Kohler in a Louisiana state court alleging that Kohler violated the Louisiana Repurchase Act, La. Rev. Stat. § 51:481–90, by improperly terminating the Distribution Agreement. Kohler then removed the case to federal court. ESI, the named plaintiff, then moved for summary judgment. In May 2005, the district court issued a Memorandum Ruling and Order granting ESI's motion for summary judgment, finding that Kohler had improperly terminated the Distribution Agreement.

Having determined liability, the district court then scheduled a trial on damages. Shortly before the damages trial was to begin, ESI moved to substitute Grayson as plaintiff, urging that Grayson rather than ESI was the party to the Distribution Agreement and the real party in interest to the suit. That motion was denied; the district court concluded that judicial estoppel prevented substitution of Grayson for ESI so late in the proceeding.[2] Grayson then sought to intervene as the real party in interest. Based on its earlier ruling, the district court denied the motion to intervene. Kohler then filed a motion for summary judgment, asserting that because ESI never reported taxable income it could not establish any facts supporting a claim for loss of income.

---

[2] The district court also concluded that ESI was the real party in interest to the Distribution Agreement.

In November 2006, the district court entered judgment granting Kohler's motion. ESI and Grayson timely appealed the judgment and the denial of the motions to substitute Grayson as plaintiff and of Grayson's intervention as plaintiff. Kohler cross-appeals the district court's summary judgment determination that Kohler is liable to ESI. For the reasons set forth below, we AFFIRM the district court's judgment.

## II.

### A.

A district court's reliance on judicial estoppel is reviewed for abuse of discretion. Hall v. GE Plastic Pacific PTE, Ltd., 327 F.3d 391, 396 (5th Cir. 2003); Ahrens v. Perot Systems Corp., 205 F.3d 831, 833 (5th Cir. 2000) (citing In re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir. 1999), cert. denied, 528 U.S. 1117 (2000)).

### B.

"Judicial estoppel applies to protect the integrity of the courts—preventing a litigant from contradicting its previous, inconsistent position when a court has adopted and relied on it." Ahrens, 205 F.3d at 833 (quoting Afram Carriers, Inc. v. Moeykens, 145 F.3d 298, 303 (5th Cir. 1998), cert. denied, 525 U.S. 1141 (1999)). It "is a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position." Coastal Plains, 179 F.3d at 205 (internal quotation marks and citation omitted). Judicial estoppel should be applied where a party's "[(1)] position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent." In re Superior Crewboats, 374 F.3d 330, 335 (5th Cir. 2004) (citing Scarano v. Central R.R. Co., 203 F.2d 510, 513 (3d Cir. 1953)); see also New Hampshire v. Maine, 532 U.S. 742, 750 (2001) (holding that courts should resist application of judicial estoppel when the prior position was based on inadvertence or mistake).

Additionally, the court may consider whether "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." New Hampshire, 532 U.S. at 750 (citing, inter alia, Davis v. Wakalee, 156 U.S. 680, 689 (1895); Scarano, 203 F.2d at 513)).

ESI does not deny that its new position is inconsistent with its previous position or that it persuaded the court to accept its earlier position. Instead, ESI argues, as it did to the district court, that the position it advanced and convinced the court to accept resulted from inadvertence or mistake and that correcting the mistake will not unfairly advantage ESI or disadvantage Kohler. After calling for briefs and hearing argument on these issues the district court rejected ESI's arguments. We are persuaded that the district court did not err in resolving these issues.

Mistake or inadvertence is an applicable defense to judicial estoppel if the offending party did not have the relevant correct information at its disposal to begin with. New Hampshire, 532 U.S. at 753–54 (holding that judicial estoppel was applicable where a party asserted inadvertence or mistake but had the opportunity to ascertain the correct information to begin with). Another consideration is whether the offending party had a motive to conceal the truth to begin with. See Superior Crewboats, 374 F.3d at 335 ("[T]he debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.") (quoting Coastal Plains, 179 F.3d at 210) (emphasis in original).

The district court considered the argument of whether inadvertence or mistake excused ESI's conduct. Although the court concluded that it did not believe that ESI was trying to play "fast and loose" with the court and that this was not a case of blatant legal bad faith, it was satisfied that this was not an

appropriate case for a "good faith" mistake or inadvertence defense. The court pointed out that ESI waited two and a half years after filing suit to substitute plaintiffs, that ESI waited a number of months after seeking summary judgment on liability and persuading the court to grant that judgment, that the record reflects that ESI "muddied" discovery issues, and that ESI even delayed notifying the district court of its desire to substitute plaintiffs once it had determined substitution would be necessary. Our review of the record satisfies us that the district court did not abuse its discretion in determining that the defense of inadvertence or mistake is inapplicable in this case.

Although this Court does not require the party asserting judicial estoppel to demonstrate prejudice or detrimental reliance, see Coastal Plains, 179 F.3d at 205, the district court considered whether ESI would gain an unfair advantage or Kohler would be unfairly disadvantaged should substitution occur. The district court concluded that Kohler would be prejudiced by substitution of plaintiffs at such a late stage in the litigation because Kohler reasonably believed that it was contracting with ESI, Kohler communicated its termination of the contract to ESI, and Kohler's entire litigation strategy was premised on defending the suit brought by ESI. Our review of the record satisfies us that the district court did not abuse its discretion in determining that Kohler would be unfairly disadvantaged by substitution at this stage in the litigation.

### III.

Because we agree that the district court did not abuse its discretion in applying judicial estoppel we need not consider whether the district court erred in determining that the real party in interest to the contract was ESI. Additionally, we need not consider Kohler's cross-appeal as to Kohler's liability to ESI. Accordingly, the district court's judgment in favor of Kohler is AFFIRMED.

AFFIRMED.