Thomas Reynolds v. Warden of FCI Raybrook

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of June, two thousand twenty one.

Present:     ROSEMARY S. POOLER,
             WILLIAM J. NARDINI,
                       *Circuit Judges*.
             LEWIS A. KAPLAN,
                       *District Judge*.[1]

_____

THOMAS REYNOLDS,

                       *Petitioner-Appellant*,

                v.                                                      20-1321-pr

WARDEN OF FCI RAYBROOK,

                       *Respondent-Appellee*.

_____

Appearing for Appellant:     Bernard V. Kleinman, Somers, N.Y.

Appearing for Appellee:      Karen Folster Lesperance, Assistant United States Attorney, *for*
                             Antoinette T. Bacon, Acting United States Attorney for the
                             Northern District of New York, Albany, N.Y.

_____

[1] Judge Lewis A. Kaplan, District Judge, United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Thomas Reynolds appeals from the February 26, 2020 judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*) denying and dismissing Reynolds's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Reynolds primarily argues on appeal that his petition should have been interpreted as a petition brought under 28 U.S.C. § 2255, and that we should remand the case to the Eastern District of New York, the district in which Reynolds was initially sentenced, for further consideration. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Reynolds initially filed a letter regarding his sentence with his sentencing court in the Eastern District. The court treated the letter as a petition for recalculation of his sentence and transferred the case to the Northern District, where Reynolds was serving his sentenceterm of imprisonment. Reynolds proceeded to litigate it as a Section 2241 petition. He repeatedly sought to keep the case in the Northern District and informed the court that he sought an order directing the Bureau of Prisons ("BOP") to credit him for time in prior custody under 18 U.S.C. § 3585(b). "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Davis v. Wakelee*, 156 U.S. 680, 689 (1895). This rule "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000). Having successfully argued for the Northern District to retain jurisdiction and litigate his action as a Section 2241 petition, arguing against the government's position that the case ought to be dismissed without prejudice to its refiling in an appropriate court, Reynolds cannot now argue that the amended petition ought to have been construed as a Section 2255 petition.

While Reynolds now argues that the amended petition was properly a Section 2255 petition, both here and before the district court he argued that BOP had an obligation to recalculate his sentence to account for his time in state custody prior to the date of sentencing. The statute governing the calculation of a sentence provides no support for his position. "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b). As the district court correctly held, Reynolds's time in custody prior to sentencing was credited to his state sentence.

Reynolds's challenge to the district court's determination of his Sentencing Guidelines range was outside the scope of his Section 2241 petition, and it is beyond the scope of his appeal as well. As the government and the district court both previously noted, Reynolds may still file a Section 2255 petition in the Eastern District. We imply no view as to the timeliness or merits of any such petition.

We have considered the remainder of Reynolds's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk