**MOY YOKE SHUE v. JOHNSON, Immigration Com'r.**

(District Court, D. Massachusetts. May 28, 1923.)

No. 2291.

1. **Aliens ⬷32(6)—Immigration tribunals not bound by strict rules of evidence.**
   Administrative immigration tribunals are not bound by the rules of evidence recognized in courts of law.

2. **Aliens ⬷32(6)—Admission of incompetent evidence by immigration tribunal held not to establish unfairness of hearing.**
   In proceedings for admittance of a Chinese person, claimed to be the son of an American citizen, the admission in evidence of a statement made by a third person, not found to be a relative of applicant, made in similar proceedings two years before, while such statement was not admissible under the rules which govern courts of law, held not to show such unreasonableness or unfairness as to amount to a denial of due process of law.

Habeas Corpus. Petition by Moy Yoke Shue against J. P. Johnson, Commissioner of Immigration. Petition for writ dismissed.

MORTON, District Judge. Habeas corpus to the commissioner of immigration to secure the release of a Chinaman who is held for deportation. He claims admittance to the country as being the son of Moy Yee Ai, who is conceded to be an American citizen. The immigration tribunals found that the alleged relationship was not established, and on that ground excluded the applicant. The petitioner's contention is that his case was not fairly heard by them. The petition alleges several grounds of unfairness and illegality; but the one chiefly relied upon, and the only one which has been urged in argument, is the fifth, which is in substance that the immigration tribunals unfairly and arbitrarily admitted statements made by one Moy San Lee in a proceeding in 1921 relating to the admission of his alleged son, Moy Len Hing, with which neither the present applicant nor his alleged father had anything to do. Moy San Lee then testified that he had a brother of the same name as the alleged father in the present case, and that this brother, the present alleged father, was unmarried. The alleged father identifies a picture of Moy San Lee as being his brother, and says that they had quarreled years before and had nothing to do with each other afterwards.

It appears that Moy Yee Ai and Moy San Lee were admitted to this country in 1901, coming together, and both claiming to be brothers and to have been born in San Francisco. They established their claims to the satisfaction of a United States commissioner in deportation proceedings against them at that time. Yee Ai was then about 16 or 17 years old. He has never been back to China, and the marriage, of which the present applicant is claimed to have been born, took place, if at all, before that time. There are grounds for suspicion that Yee Ai and San Lee were really not brothers, and that their admittance to the country in 1901 was the result of a successful fraud. But the immigration tribunals were bound by the judgment, and recognized, though not very whole-heartedly, that they were so bound.

It was under these circumstances that the statements of San Lee and his alleged son made in 1921, in connection with the latter's admittance to the country, were received as evidence against the petitioner. The immigration tribunals did not, as I understand their action, find that San Lee is in fact related to the petitioner; they said in substance that they would hold Yee Ai to his statement that he and San Lee were brothers, regardless of what the fact might be. As to Yee Ai this was clearly justified on the grounds which were pointed out in Davis v. Wakelee, 156 U. S. 680, 688, 15 Sup. Ct. 555, 39 L. Ed. 578. But it is hard to see upon what ground this estoppel against Yee Ai can be transferred to the petitioner. Yee Ai has the status of an American citizen, whatever suspicions or doubts the immigration tribunals may now have upon the point, and the applicant, if his son, is entitled to admittance. There being no express finding that San Lee is related to the petitioner, his statements have no higher standing than those of any third party. What the immigration tri-

bunals did in effect was to admit against the applicant declarations relevant to the issue, made under oath by a third party, in the absence of the applicant.

[1, 2] It is well settled that administrative tribunals are not bound by the rules of evidence which are recognized in courts of law. The test is whether, under a correct understanding of the fundamental principles of law applicable to the case, they have honestly endeavored to arrive at the truth by methods sufficiently fair and reasonable to amount to due process of law. San Lee undoubtedly came to this country in 1901 with Yee Ai, and the two men were intimately associated. It is certainly not unreasonable to believe that San Lee knew whether Yee Ai was married at that time. It is going a good way to assume that San Lee, when he testified in his son's case in 1921, foresaw that Yee Ai, nearly two years later, would attempt to bring in his son, and falsified in order to defeat Yee Ai's effort, and thereby do him injury because of the quarrel which they had had. In believing that San Lee's statement would be of assistance in reaching a correct conclusion, the immigration tribunals were not, as it seems to me, unreasonable or unfair, certainly not to such an extent as to amount to a denial of due process of law.

The greatest doubt which I have upon the case rests on the last statement in the decision of the General Board of Review, dated September 15, 1922, in which it is said that San Lee's statement "is material to the issue, and casts a clear, reasonable, and substantial doubt upon the claims made." If this means that the board understood that a clear, reasonable, and substantial doubt as to the right to enter required the exclusion of the applicant, it was a fundamental error of law which vitiated the proceedings. He was not required to establish his right beyond a fair preponderance of the testimony. In re Wong Toy (D. C. Mass. Feb. 20, 1922) 278 Fed. 562, and cases cited. Without undertaking to analyze the several decisions and memoranda of the immigration tribunals in the case, it seems to me that, taken as a whole, they show that those tribunals understood that the applicant was entitled to enter if his case was made out upon a fair preponderance of the evidence, and that they really decided that he had not made out such a case. In so deciding I do not think that they can be said to have acted arbitrarily and unreasonably.

Petition dismissed.