**In re GALERIE DES MONNAIES OF GENEVA, LTD., Debtor.**

**GALERIE DES MONNAIES OF GENEVA, LTD., Appellant,**

v.

**DEUTSCHE BANK, A.G., NEW YORK BRANCH, Appellee.**

No. 86 Civ. 397 (JMW).

United States District Court, S.D. New York.

May 27, 1986.

Edward Sivin, Mark V. Asdourian, Ganz, Hollinger & Towe, New York City, for appellant.

Andrew D. Gottfried, Henry C. Collins, Zalkin, Rodin & Goodman, New York City, for appellee.

## OPINION AND ORDER

WALKER, District Judge:

### Introduction

This action is before the Court on an appeal from the Bankruptcy Court's dismissal of an adversary proceeding brought by the debtor Galerie Des Monnaies of Geneva, Ltd. ("Galerie") to recover alleged preferential transfers in favor of Deutsche Bank, A.G., New York Branch ("Bank"). By decision and order dated November 22, 1985, 55 B.R. 253, Bankruptcy Judge Howard C. Buschman, III dismissed Galerie's claims against the Bank. The Bank, joined by the United States Trustee for the Southern District of New York as *amicus curiae*, opposes the appeal and urges the Court to affirm.

### Facts

The facts are not in dispute and are stated fully in Judge Buschman's decision. As part of a voluntary reorganization under Chapter 11, Galerie filed a Disclosure Statement which was approved by the Bankruptcy Court on December 13, 1984. The approval allowed Galerie to solicit creditor support for its reorganization plan. The Disclosure Statement contained language which is at the heart of this appeal:

> The Debtor [Galerie] has discussed the nature of preferential payments and fraudulent conveyances with its counsel and accountants. The Debtor's management does not believe any preferences or fraudulent transfers have occurred.

Significantly, the Plan offered to the creditors provided for the debtor to receive the benefit of preference claims. The creditors approved the plan and the Bankruptcy Court confirmed the reorganization on April 25, 1985. That same day, Galerie commenced an adversary proceeding against the Bank to collect alleged preferential transfers that had occurred when the Bank debited Galerie's bank account for interest due on prior loan agreements between the two. It was established below that Galerie's management knew of at least some of these alleged preferential transfers *prior* to the Bankruptcy Court's confirmation of its reorganization plan. At no time did Galerie move to correct its Disclosure Statement.

### Discussion

On the basis of these facts, the court below applied the doctrine of judicial estoppel to bar Galerie's attempt to recover preferential transfers. The United States Trustee joins the Bank in urging affirmance in the interest of smooth operation of the bankruptcy system. The Court agrees with the Bank and Trustee. The bankruptcy court properly dismissed Galerie's attempt to recover preferential transfers after the debtor had previously told creditors voting on the reorganization plan that it knew of no such transfers.

The equitable doctrine of judicial estoppel has traditionally been used by courts to prevent a party from assuming inconsistent positions in subsequent legal proceedings:

> It may be laid down as a general proposition that, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.

*Davis v. Wakelee*, 156 U.S. 680, 689, 15 S.Ct. 555, 558, 39 L.Ed. 578 (1895).

The Bank contends that this Court should examine the bankruptcy court's application of the doctrine under a "abuse of discretion" standard because the lower court's equitable determination was discretionary in nature. Galerie urges that no deference is to be given to such *legal* determinations. The Court need not decide the question. Under either a *de novo* review or an abuse of discretion standard, the bankruptcy court's application of the doctrine was proper.

On the undisputed facts, Galerie inaccurately asserted to its creditors and the bankruptcy court that it knew of no preferential transfers. Even if that statement

was true when made, it was certainly in error at the time of the plan's approval. On the basis of Galerie's representations the creditors and the court approved a reorganization plan which allowed Galerie to receive the benefit of recouped preferential transfers. The very next day Galerie sought to recover alleged preferential transfers from the bank. " 'Judicial estoppel' is invoked in these circumstances to prevent the party from 'playing fast and loose' with the courts, and to protect the essential integrity of the judicial process...." *Allen v. Zurich Insurance Co.*, 667 F.2d 1162, 1166 (4th Cir.1982). To permit Galerie this "about face" move would seriously impair the integrity of the judicial process.

The United States Trustee has pointed out that approval of such a reversal in position would also seriously impair the bankruptcy process. The disclosure statements in the course of voluntary reorganization are critical to the decisions of creditors to accept or reject a proposed plan. When creditors vote on a plan they naturally consider the value of any possible recovery from preferential or fraudulent transfers. In this case, the information provided was false and as a result "the debtor ... disenfranchised its creditors from casting an informed ballot on the plan and deprived the creditors of a vital protection afforded them by the Bankruptcy Code, namely adequate information." Brief of U.S. Trustee at 3.

### Conclusion

The bankruptcy court correctly applied judicial estoppel in dismissing Galerie's claim against the Bank. The decision below is AFFIRMED.

So Ordered.