In re AIR ONE, INC., Debtor.

AIR ONE, INC., Plaintiff,

v.

WING ON BANK, LIMITED, Defendant.

Bankruptcy No. 84–01889(2).
Adv. No. 86–0379(2).

United States Bankruptcy Court,
E.D. Missouri, E.D.

Aug. 4, 1987.

2. The court expresses no opinion on that important question.

Asher Rabinowitz, Steven G. Howell, Todd M. Halbert, Detroit, Mich., for plaintiff.

Peter D. Kerth, Clayton, Mo., for defendant.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### INTRODUCTION

Pending for determination is the Motion To Dismiss filed by the Defendant, Wing On Bank, Limited ("Wing On"). After the parties submitted voluminous briefs, the Court heard testimony and argument on the Motion on July 10, 1987. Because matters outside the pleadings have been presented, the Court will treat the Motion as one for summary judgment under Bankruptcy Rule 7056. As so treated, the Court finds that although there are no genuine

issues of material fact, Defendant is not entitled to judgment as a matter of law. This proceeding, therefore, must be set for trial on the merits. The Court's findings of fact and conclusions of law are set forth below.

## FINDINGS OF FACT

1. On October 26, 1984, Air One, Inc. ("Air One" or the "Debtor") filed its petition for relief under Chapter 11 of the Bankruptcy Code.

2. On October 27, 1986, the Debtor's Revised Fourth Amended Disclosure Statement was filed and approved. This Disclosure Statement contains no discussion of the actual or projected realizable value from recovery of preferential or other voidable transfers and contains a liquidation analysis which does not include such value among the Debtor's assets.

3. Also on October 27, 1986, the Debtor filed its Revised Fourth Amended Plan of Reorganization. Article XIII of the Plan provides that "the Bankruptcy Court shall retain jurisdiction of the Chapter 11 Case so long as is necessary to ... hear and determine any pending applications or adversary proceedings or contested matters, including proceedings to recover preferences and fraudulent conveyances." As of October 27, 1986, there were no pending adversary proceedings to recover preferences.

4. Prior to the filing of the October 27, 1986, Plan and Disclosure Statement, Interstate Airlines, Inc. ("Interstate"), funder of the Plan and the successor by merger to the reorganized Debtor, had conducted a number of discussions with Mark G. Morris, then President of Air One, regarding the existence of preferences. Although Morris believed there were preferences, his opinion was not shared by counsel for either Air One or the Creditors' Committee. Morris did not use the possibility of preferences as a bargaining lever in his negotiations with Interstate over the terms of the plan, and in September, 1986, he advised Charles A. Adami, Interstate's Secretary/Treasurer, that there were no preferences.

5. Despite having been advised that no preferences existed, Adami only a few days following approval of the Disclosure Statement engaged James V. McTevia and Associates, a bankruptcy specialty firm, to conduct an insolvency review of the Debtor's records. On the basis of a preliminary report given on or around November 11, 1986 and a final report given on or around November 18, 1986, Adami authorized the filing of a number of complaints to recover preferential transfers, including the instant one against Wing On. These complaints were filed on November 28, 1986.

6. Plaintiff's Complaint against Wing On requests a judgment of $876,792.00 plus interest, together with the return and/or cancellation of 330,000 shares of Air One stock. Wing On is also a creditor of the Debtor, having filed Proof of Claim No. 980 on March 11, 1985 in the sum of $3,282,324.38.

7. On December 1, 1986, the Revised Fourth Amended Plan of Reorganization (As Modified) of Debtor was filed with the Court. Article XIII of the Plan provides that "the Bankruptcy Court shall retain jurisdiction of the Chapter 11 Case so long as is necessary ... to hear and determine any applications or adversary proceedings or contested matters, including proceedings to recover preferences and fraudulent conveyances."

8. Also on December 1, 1986, the Court held a hearing to consider whether to confirm the modified Plan. At the hearing, Kenneth Wideman, Vice President and General Counsel for Air One, and Adami testified about the existence of preferences, including the instant proceeding against Wing On.

9. Under the terms of the approved Plan of Reorganization, creditors will receive no direct benefit from the recovery of preferences, that is, no portion of the amount recovered is to be distributed directly to the creditors. The only benefit, if any, resulting to unsecured creditors from the recovery of such preferences is a possible increase in value of the Interstate stock received by them as part of the reorganization plan.

10. On December 1, 1986, the Court confirmed the Revised Fourth Amended Plan of Reorganization (As Modified) of Debtor.

11. After the filing of the Complaint against Wing On, Plaintiff was not able to effectuate service of process upon Wing On. On February 3, 1987, the Court granted Plaintiff's request to reissue summons to Wing On, reissued the summons, and ordered Plaintiff to serve Wing On within thirty days thereafter by (1) first class mail, (2) registered mail, return receipt requested, and (3) by personal service in Hong Kong by an agent of Debtor. By the end of February, 1987, Plaintiff accomplished all three forms of service upon Wing On and filed applications and certifications to that effect with the Court.

12. On April 24, 1987, within the time prescribed for responding to the reissued Summons and Complaint, Wing On filed its Motion To Dismiss alleging as grounds for dismissal that:

"(1) The Complaint must be dismissed for insufficiency of process for failure to serve the summons within the time provided by Bankruptcy Rule 7004;

(2) The Complaint against Wing On is barred by the two year Statute of Limitations contained in 11 U.S.C. §§ 546(a) and 1107(a). The two year period for the commencement of avoidance actions expired on October 26, 1986;

(3) The Complaint fails to state a cause of action in that the Plaintiff lacks standing as debtor-in-possession under 11 U.S.C. § 1107;

(4) The plaintiff is judicially estopped from asserting this cause of action as a result of its failing to disclose the existence of the cause of action in either the Plan or the Debtor's Revised Fourth Amended Disclosure Statement (the 'Disclosure Statement');

(5) The plaintiff is barred from prosecuting this action in that any proceeds of preference recoveries will not accrue to the debtor's creditors; and

(6) This Court lacks personal jurisdiction over Wing On."

13. By Order dated May 7, 1987, the Court determined that the Complaint against Wing On was not barred by the Statute of Limitations contained in Title 11, Section 546(a) and 1107(a).

14. Any of the foregoing findings of fact deemed to be conclusions of law are hereby incorporated into the Conclusions of Law.

**CONCLUSIONS OF LAW**

1. This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B) and (F), which the Court may hear and determine.

2. Wing On asserts that Plaintiff's Complaint must be dismissed for insufficiency of process. The Court does not agree. Bankruptcy Rule 7004(a) incorporates Rule 4(i)(1)(E) of the Federal Rules of Civil Procedure. That rule provides that service upon a party in a foreign country may be made "as directed by order of the court". The Court's February 3, 1987 Order directed Plaintiff how to serve process upon Wing On. *See* Finding of Fact No. 11. Plaintiff having complied with that Order, the Court concludes that Plaintiff's Complaint should not be dismissed for insufficiency of process.

3. Wing On asserts that Plaintiff fails to state a cause of action in that Plaintiff lacks standing as a debtor-in-possession under 11 U.S.C. § 1107. Although confirmation of a plan terminates a debtor's status as a debtor-in-possession, under Title 11, Section 1123(b), "a plan may ... (3) provide for—(A) the settlement or adjustment of any claim or interest belonging to the debtor or the estate; or (B) the retention and enforcement by the *debtor*, by the trustee, or by representative of the estate appointed for such a purpose, of any such claim or interest" (emphasis added). In the instant case, the Plan does provide for the Court's post-confirmation jurisdiction to hear and determine proceedings to recover preferences. Since that language

implies the reorganized Debtor's retention of the right to commence such actions and would, in fact, be rendered meaningless if it were not so construed, the Court concludes the Plaintiff's Complaint should not be dismissed for lack of standing by the Plaintiff. *In re Amarex*, 74 B.R. 378, Bankr.L.Rep. (CCH) ¶ 71823, p. 91319 (Bankr.W.D.Okla.1987) (citing cases).

■ 4. Wing On asserts that "the Plaintiff is judicially estopped from asserting this cause of action as a result of its failing to disclose the existence of the cause of action in either the Plan or the Debtor's Revised Fourth Amended Disclosure Statement."

> "Judicial estoppel operates to prevent a party from insulting a court through improper use of judicial machinery. Thus the concept's underlying rationale is that a party should not be allowed to convince unconscionably one judicial body to adopt factual contentions, only to tell another judicial body that those contentions were false.... It follows that judicial estoppel should not be applied if no judicial body has been lead astray." *Konstantinidis v. Chen*, 626 F.2d 933, 938–39 (D.C.Cir.1980) (citations omitted).

Although it is doubtful whether the doctrine of judicial estoppel has any vitality in this judicial circuit, *see, Total Petroleum, Inc. v. Gary J. Davis*, 822 F.2d 734, 737 n. 6 (8th Cir.1987), the Court agrees that a debtor is bound by its disclosure statement and plan. Were a debtor therein to recite that it had no preference actions, implying thereby that it had investigated the possibility of such claims and found there to be none, and thereafter brought actions to recover the same, the Court would grant a defendant's motion to dismiss. *In re Galerie Des Monnaies of Geneva, Ltd.*, 55 B.R. 253 (Bankr.S.D.N.Y.1985), *aff'd.* 62 B.R. 224 (S.D.N.Y.1986). Here, however, the Disclosure Statement and Plan contain no such misrepresentation. While the Disclosure Statement's liquidation analysis might lead one to infer that there were no preferences, that inference would have to be tempered by the realization that the Plan specifically reserved the Court's retention of jurisdiction to determine preference matters. Taken together, the only reasonable inference would be that although there might be preferences, the plan proponent lacked enough detailed knowledge to factor them into the liquidation analysis. Indeed, the facts show that although Interstate ordered an insolvency review shortly after filing the Disclosure Statement and, therefore, must have at least determined by then that the possibility of preferences was worth investigating, it did not know of any specific preferences at the time that the Disclosure Statement was filed and, therefore, could not have disclosed them in any detail. When Interstate did become aware of the specific details, those details were fully disclosed to the Court at the confirmation hearing. While it arguable that Debtor should have amended its Disclosure Statement to reflect preferences in the liquidation analysis, *compare, e.g., In re Metrocraft Publishing Services, Inc.*, 39 B.R. 567, 570 (Bankr.N.D. Ga.1984) (possible preferences must be disclosed in disclosure statement) *with In re Jennings, Inc.*, 46 B.R. 167, 172 (Bankr.E. D.Pa.1985) (disclosure statement need not discuss preferences), the Court is of the opinion that by retaining jurisdiction to hear preferences in the Plan, creditors were on notice as to their possibility. If a creditor believed more information was needed in order to make the Disclosure Statement adequate, the creditor could have and should have objected to the Disclosure Statement on that basis. None did. The Court, therefore, concludes that Plaintiff's Complaint should not be dismissed on the grounds of judicial estoppel or any representations or omissions made in the Disclosure Statement approved by the Court.

■ 5. Wing On asserts that "the Plaintiff is barred from prosecuting this action in that any proceeds of preference recoveries will not accrue to the Debtor's creditors." It is true that preference recoveries will not be paid directly to creditors and that the only benefit to be derived from such recoveries by the creditors is a possible and speculative increase in the value of Interstate stock received by them pursuant to the Plan. Even so, it is evident that Interstate bargained for the right to

recover preferences by including the Court's retention of jurisdiction to determine them in the Plan. The Plan having been approved, under Title 11, Section 1141(a) all parties are bound by its terms. *See also, In re Amarex, Inc., supra,* 74 B.R. 378, Bankr.L.Rep. (CCH) at p. 91320. The Court, therefore, concludes that Plaintiff is not barred from prosecuting this action by reason of the manner in which preferential transfer recoveries will be distributed.

6. Wing On also asserts that this Court lacks personal jurisdiction over Wing On. It is well settled that where a party has filed its proof of claim in a case, the Court has jurisdiction over that party to determine a preference action. *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). Wing On having filed its Proof of Claim in this case, the Court concludes that it has jurisdiction over Wing On.

7. Each of Wing On's arguments having been considered and rejected by the Court, Wing On's Motion To Dismiss taken as a motion for summary judgment will be denied and this proceeding will be set for trial.

8. Any of the foregoing conclusions of law deemed to be findings of fact are hereby incorporated into the Findings of Fact.