In re David Louis COHN, Debtor.

**INSURANCE COMPANY of NORTH AMERICA, Plaintiff,**

v.

**David Louis COHN, Defendant.**

**Bankruptcy No. 89–21456T.
Adv. No. 89–1236.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Aug. 27, 1991.

Kenneth F. Carobus, Morris, Adelman & Dickman, Philadelphia, Pa., for plaintiff.

Alan M. Seltzer, Ryan, Russell & McConaghy, Reading, Pa., for defendant.

## OPINION

THOMAS M. TWARDOWSKI, Chief Judge.

Before the court is a complaint filed by plaintiff, Insurance Company of North America ("INA"), under 11 U.S.C. § 523(a)(2)(B) objecting to the dischargeability of a debt owed to it by debtor. As we conclude that INA has not met its burden of proving that it reasonably relied upon the materially false statement con-

tained in debtor's application, *see, Grogan v. Garner,* —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), we find the debt dischargeable. A brief recitation of the relevant facts follows.

In September of 1985, debtor submitted an investor bond application to INA requesting that INA act as surety on a promissory note in the principal amount of $47,-500.00 which was to be executed between debtor, as obligor, and the Bank of New York, as obligee. The proceeds of the note were to be used by debtor to purchase an interest as a limited partner in a real estate limited partnership known as Village Apartments Associates.

The investor bond application was completed by debtor's financial consultant, Mr. Christopher Scutto, who made debtor aware of the Village Apartments investment and who made a commission on the sale. At the time the application was submitted to INA, Mr. Scutto was employed by Cigna Financial Services ("Cigna"), which is the parent company of INA. After Mr. Scutto completed the application, debtor reviewed and signed it. The first paragraph of the application states, in capital letters, that the information contained in the application should be a true and accurate statement of the applicant's financial condition as of the date of the application. Item 9 on the second page of the application requests that the applicant list "real estate registered in own name," and instructs the applicant to "see sched. no. 5." The second page of debtor's application states, under item 9, that debtor holds $110,000.00 in real estate registered in his own name. Schedule 5 on debtor's application, which reads, "[t]he legal and equitable title to all the real estate listed in this statement is solely in the name of the undersigned, except as follows:", was left blank.

It is undisputed that at the time debtor executed the application, he did not have legal and equitable title to real estate valued at $110,000.00.[1] Debtor testified that

---

1. At the time debtor executed the application, he held an interest in a parcel of land in California and he held an interest, as a limited partner, in a real estate limited partnership in Chicago.

We do not know the values of either of these assets as of September of 1985, although we do know that debtor invested a total of **$15,000.00** in cash in 1984 or early 1985 to obtain his

before signing the investor bond application, he questioned Mr. Scutto regarding the statement in item 9 that he held $110,000.00 in real estate registered in his own name, and that Mr. Scutto explained that this figure represented the future value of debtor's limited partnership interest in the Village Apartments limited partnership. Mr. Scutto further advised debtor that it was standard procedure to include the future value of the investment in a limited partnership as an asset on an application for an investor bond and that Mr. Scutto had previously used this procedure when dealing with other clients in similar situations.

INA reviewed debtor's application and credit report and issued the investor bond. As part of this deal, debtor executed an indemnification agreement under which debtor agreed to indemnify INA against any loss INA would incur in the event debtor defaulted on the note. Thereafter, debtor defaulted on the note and a claim was made against INA based upon the investor bond. INA now maintains that the debt owed to it by debtor under the indemnification agreement is nondischargeable under 11 U.S.C. § 523(a)(2)(B), because INA issued the investor bond reasonably relying upon debtor's application, which contained a materially false statement regarding debtor's financial condition and which debtor submitted to INA with intent to deceive. We disagree.

■ 11 U.S.C. § 523(a)(2)(B), states:

§ 523. *Exceptions to discharge.*

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

\*   \*   \*   \*   \*   \*

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

\*   \*   \*   \*   \*   \*

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made with intent to deceive;

The burden of proving that a debt is nondischargeable under § 523(a) is upon the creditor, who must prove his case by a preponderance of the evidence. *Grogan v. Garner,* 111 S.Ct. at 660.

■ After reviewing the record in this case, we find that INA has not met its burden of proof. It cannot be disputed that debtor's application contains a materially false statement regarding debtor's financial condition. Debtor admits that at the time he executed the application, he did not have legal and equitable title to real estate valued at $110,000.00. In fact, this statement was a substantial overstatement of debtor's real estate holdings. A substantial overstatement of one's assets is a materially false statement within the meaning of § 523(a)(2)(B). *See, Century Bank of Pinellas County v. Clark (Matter of Clark),* 1 B.R. 614, 617 (Bankr.M.D.Fla.1979).

However, we find troublesome the fact that INA is attempting to have a debt declared nondischargeable based upon the fraud masterminded by an employee of its own parent company. For this reason, we conclude that any reliance placed upon the application by INA was done at its own risk and must be found unreasonable. *See, Signal Consumer Discount Company v. Malachosky (In re Malachosky),* 98 B.R. 222, 224 (Bankr.W.D.Pa.1989). Furthermore, we conclude that INA must be estopped from attempting to have this debt found nondischargeable due to its unclean

---

interest in the Chicago real estate limited partnership. Debtor's testimony concerning his 1983 investment in the California real estate was contradictory; at one point debtor testified that he invested $15,000.00 in cash for this real estate, while on cross examination, debtor testi-

fied that his cash investment for the California real estate was only $2,600.00. Regardless, debtor concedes that at the time he executed the application, he did not have legal and equitable title to real estate valued at $110,000.00.

hands. It must be remembered that bankruptcy courts are essentially courts of equity, and as such, should render decisions with equitable considerations in mind. We believe it would be extremely unfair to burden debtor with a finding that this debt is nondischargeable when the ultimate source of the wrongdoing can be traced directly to Mr. Scutto, an employee of INA's parent company. In light of the bankruptcy·code's underlying purpose to provide a debtor with a "fresh start" and the fact that objections to discharge are to be construed strictly against the creditor, *see, United States v. Stelweck (In re Stelweck),* 108 B.R. 488, 495 (E.D.Pa.1989), we enter judgment in favor of debtor and find this debt dischargeable.