[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Steven Krauss, commences this action by complaint filed August 21, 1990, to recover $50,000 under an insurance policy issued by the defendant, Aetna Life Casualty ("Aetna"). The plaintiff alleges that this sum constitutes the amount of damage to his real and personal property as the result of a fire on August 23, 1989.
The Dollar Dry Dock Bank ("bank") was the holder of a first mortgage on the plaintiff's property. On October 22, 1990, the bank filed a Proof of Loss and claimed that the cash value of the damage to the real property was $26,496.03. The defendant paid this amount to the bank.
The defendant has filed five special defenses and a counterclaim. In the special defenses the defendant alleges that CT Page 8588 any loss was not covered under the policy because, inter alia, the fire was the result of arson by the plaintiff and the plaintiff violated the "Conditions" of the policy by engaging in fraud, misrepresentation and/or concealment. In its counterclaim, the defendant seeks to recover from the plaintiff the $26,496.03 paid to the bank.
Subsequent to the commencement of this litigation, the plaintiff filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code. The order for relief was entered on March 30, 1993, releasing the plaintiff from all dischargeable debts. Included in the plaintiff's Schedule of Creditors Holding Unsecured Claims was Aetna. The plaintiff listed the amount of Aetna's counterclaim, $26,496.03, as the amount of debt due this creditor. However, a review of the bankruptcy records reveals that the plaintiff did not include his insurance claim for the pending law suit in his Schedule of Assets.
This case presents an issue of first impression in this state. This court is called upon to determine whether judicial estoppel is a viable doctrine in Connecticut, and, if so, whether it should be applied under the circumstances of this case on a motion for summary judgment.
"The doctrine of judicial estoppel prevents a party from taking inconsistent positions in subsequent legal proceedings. Inre Galeria des Monnaies of Geneva, Ltd., 55 B.R. 253, 259 (Bankr. S.D.N.Y. 1985), aff'd 62 B.R. 224 (S.D.N.Y. 1986). The object is to safeguard the administration of justice by preventing litigants from playing `fast and loose' with the courts. Id. at 260." (Citations omitted.) Reciprocal Merchandising v. All AdvertisingAssoc., 163 B.R. 689, 696 (S.D.N.Y. 1994).
The moving party asserting judicial estoppel must show (1) an unequivocal assertion of law or fact by a party in one judicial proceeding, (2) the assertion by that party of an intentionally inconsistent position of law or fact in a subsequent proceeding, (3) in order to mislead the court and obtain unfair advantage as against another party. In re Cohen, 131 B.R. 19 (Bank. E.D.Pa. 1991).
Judicial estoppel serves to safeguard the proper administration of justice and preserves the public confidence in the purity and efficiency of judicial proceedings. Melton v. Anderson,32 Tenn. App. 335, 222 S.W.2d 666, 669 (Tenn.Ct.App. 1948). CT Page 8589 In the view of this court, such policy concerns are very significant, and the courts must be vigilant to preserve the overall integrity of the system. We cannot allow litigants to expect we will play host to duplicitous assertions at any point in the proceedings. This court would not hesitate to seize the opportunity to prevent a party from deliberately misleading the court in one judicial proceeding, and thereafter reverse his position in a subsequent proceeding. It is inimical to the funadmentals [fundamentals] of justice and an affront to the honesty upon which our judicial process is based.
In the present case, Aetna contends that the plaintiff is judicially estopped because he failed to disclose his claim against Aetna in the prior bankruptcy proceeding. Aetna argues that pursuant to 11 U.S.C. § 541, the plaintiff's current claim was an asset of the bankruptcy estate and should have been listed as such in the plaintiff's Schedule of Assets.[1]
It is well established that a bankrupt must create a schedule of all his interests and all property rights, including any litigation likely to arise in a non-bankruptcy action. Pako Corp.v. Citytrust, 109 B.R. 368, 372 (D.Minn. 1989). In the present case, the plaintiff's Schedule of Assets provided ample opportunity for him to list his claim against Aetna, although he failed to do so.[2]
It is apparent that the current litigation instituted by the plaintiff is inconsistent with his previous position in the bankruptcy proceeding. However, in view of the requirements necessary to grant a motion for summary judgment, this court is forced to conclude the inconsistency in and of itself is insufficient for purposes of granting the motion.
The standards governing a motion for summary judgment are well established. The test is "whether a party would be entitled to a directed verdict on the same facts." Connelly v. HousingAuthority, 213 Conn. 354, 364 (1990). The motion should be granted when "the pleadings, affidavits and any other proof submitted show that there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connell v.Colwell, 214 Conn. 242, 246 (1990). However, "the function of the trial court is only to determine whether there is a genuine issue as to any material fact, but not to decide that issue if it does exist until the parties are afforded a full hearing. Issue finding, rather than issue determination is the key to the procedure." CT Page 8590Yanow v. Teal Industries, Inc. 178 Conn. 262, 279 (1979).
Summary Judgment "is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of notice, intent and subjective feelings and reactions." Batickv. Seymour, 186 Conn. 632, 646-47 (1982). In this court's view, these are precisely the type of questions that must be addressed in order to determine if the plaintiff deliberately intended to mislead the court. Issues concerning the intent of the plaintiff are best resolved by the finder of fact, and not by the court in a motion for summary judgment.
Accordingly, the defendant's motion for summary judgment is denied.
STANLEY, J.