**Scott J. RAFFERTY, Appellant,**

v.

**JUDICIAL COUNCIL FOR THE DISTRICT OF COLUMBIA, Appellee.**

**No. 96–5297.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 21, 1997.

Decided Dec. 19, 1997.

Scott J. Rafferty, pro se, argued the cause and filed the briefs.

Daniel Van Horn, Assistant U.S. Attorney, argued the cause for appellee with whom Eric H. Holder, U.S. Attorney at the time the briefs were filed and R. Craig Lawrence, Assistant U.S. Attorney, were on the briefs.

Before: NEWMAN, MAYER, and NIEMEYER, Circuit Judges.*

Opinion for the court filed by Circuit Judge NEWMAN.

PAULINE NEWMAN, Circuit Judge:

Scott J. Rafferty, Esq., brought suit in the United States District Court for the District of Columbia, requesting the declaration that 28 U.S.C. § 372(c)(14), the confidentiality

---

* Judges Newman and Mayer of the United States Court of Appeals for the Federal Circuit, Judge Niemeyer of the United States Court of Appeals

for the Fourth Circuit, sitting by designation pursuant to Title 28 U.S.C. § 291(a).

provision of the Judicial Councils Reform and Judicial Conduct and Disability Act of 1980, 28 U.S.C. § 372, is unconstitutional. The district court dismissed the suit for lack of case or controversy.[1] The dismissal is affirmed, on the following premises.

## OPINION

Mr. Rafferty filed a complaint of judicial misconduct with the Judicial Council for the District of Columbia Circuit. Although such complaints are governed by certain confidentiality requirements, 28 U.S.C. § 372(c)(14),[2] information about this complaint became public through no fault of Mr. Rafferty. He states that because of this confidentiality provision he has been and continues to be restricted from responding to inaccurate and prejudicial disclosures and actions in this and other forums, and from otherwise defending his interests and those of his clients. He states that he has been prejudiced to the extent of violation of First Amendment and Fifth Amendment rights, and on these grounds he challenges the constitutionality of the statute.

Mr. Rafferty states that even though the complaint of judicial misconduct and a substantial amount of related information have been disclosed by others, he has been advised that the statute requires absolute forbearance and silence on his part. He cites an advisory letter from the Assistant General Counsel of the Administrative Office of the United States Courts, advice from and actions of the Clerk of this court, and statements of congressional staff. He states that § 372(c)(14), on its face and as thus interpreted, denies him the right to defend himself and his professional reputation, the right to disclose information to potential attorneys and to the public, and the right to disclose information to Congress or its committees in petition for redress of grievances. He cites investigations by Bar Counsel of the District of Columbia on whether he filed a "meritless judicial complaint," to which he is unable to respond. He states that he has experienced loss of clientele, whom he identifies, and loss of professional regard.

Thus Mr. Rafferty argues that this is a case of actual controversy, see Article III and 28 U.S.C. § 2201, and that he has standing to seek relief and a declaration of unconstitutionality by virtue of the actual prejudice and injury he has experienced and continues to experience. He argues that he is not required to place himself in a position of possible contempt—the remedy for infraction of § 372(c)(14)—in order to challenge the constraint that this statute has imposed and continues to impose on him.

The Judicial Council for the District of Columbia Circuit, the body responsible for administering the Act in this circuit, states that there is no controversy between it and Mr. Rafferty because the Judicial Council will not act against Mr. Rafferty. In its brief on this appeal the Judicial Council states that it interprets § 372(c)(14) as applying only to judicial officers and staff such as courtroom deputies and reporters, and not to the complainant. The Judicial Council states that it "is not seeking to prevent disclosures of the sort contemplated by Mr. Rafferty's complaint and has no intent either to impose any sanction on Mr. Rafferty for making such disclosures or to assert any privilege with

1. *Rafferty v. Judicial Council for the District of Columbia Circuit*, No. 95–CV–1499 (EGS), 1996 WL 451052 (D.D.C. Aug. 5, 1996).

2. **§ 372(c)(14).** Except as provided in paragraph (8), all papers, documents, and records of proceedings related to investigations conducted under this subsection shall be confidential and shall not be disclosed by any person in any proceeding except to the extent that—

(A) the judicial council of the circuit in its discretion releases a copy of a report of a special investigative committee under paragraph (5) to the complainant whose complaint initiated the investigation by that special committee and to the judge or magistrate whose conduct is the subject of the complaint;

(B) the judicial council of the circuit, the Judicial Conference of the United States, or the Senate or the House of Representatives by resolution, releases any such material which is believed necessary to an impeachment investigation or trial of a judge under article I of the Constitution; or

(C) such disclosure is authorized in writing by the judge or magistrate who is the subject of the complaint and by the chief judge of the circuit, the Chief Justice, or the chairman of the standing committee established under section 331 of this title.

respect to that information." Brief at 6–7. The Judicial Council states that it "has construed the statute to provide the maximum protection for complainants rather than to restrict their activities. In short, there is simply no basis for Mr. Rafferty to fear that the Judicial Council will penalize him for disclosing truthful information concerning judicial complaints to his prospective attorneys, to Congress, or to the public at large." Brief at 7. The Council states that "as far as the Judicial Council is concerned, Mr. Rafferty is free to use whatever information about judicial complaints he desires, in whatever manner he desires, to advance or protect his interest in any and every way." Brief at 11.

Mr. Rafferty, stressing the contrary views of the Administrative Office and the Clerk of this court, suggests that these representations of the Judicial Council are artfully worded, that they are contained in documents filed under seal, and in all events that they do not protect his use of the information in other forums. The Judicial Council, recognizing that there may have been uncertainty in the past, states that, "If confusion or uncertainty ever existed about the Judicial Council's interpretation of the statutory confidentiality requirement, the Judicial Council's representations in this case have conclusively put any doubts about that subject to rest." Brief at 12. At oral argument, in response to a question from the bench, the Judicial Council stated that it sees no risk of enforcement of the statute outside of action by the Judicial Council, for example by contempt proceedings or criminal action.

The clearly stated, unconditional, and broad assurances now provided to Mr. Rafferty by the Judicial Council resolve the issue, for the Council has committed itself, insofar as Mr. Rafferty is concerned, and may not thereafter assume a contrary position to his prejudice. *See Davis v. Wakelee,* 156 U.S. 680, 689, 15 S.Ct. 555, 558, 39 L.Ed. 578 (1895) ("[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position,

especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.") *Cf. Chance v. Board of Examiners,* 561 F.2d 1079, 1092 (2d Cir.1977) (parties who make an agreement with the court are bound by their representations). Any residual harm in this or other possible forums is speculative, and thus insufficient to support standing. *See, e.g., Babbitt v. United Farm Workers,* 442 U.S. 289, 298, 99 S.Ct. 2301, 2309, 60 L.Ed.2d 895 (1979) ("[P]ersons having no fears of state prosecution except those that are imaginary or speculative, are not to be accepted as appropriate plaintiffs.")

Since the commitments made by the Judicial Council resolve the concerns raised by Mr. Rafferty, we need not and do not review the Council's interpretation of the statute, or advise on the merits of Mr. Rafferty's constitutional challenge. *See United Public Workers v. Mitchell,* 330 U.S. 75, 89, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947) ("[T]he federal courts established pursuant to Article III of the Constitution do not render advisory opinions."); *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941) ("[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.")

Upon the Judicial Council's commitment that Mr. Rafferty is free to make the disclosures he wishes to make, there remains no case or controversy in terms of Article III, and no basis for a declaratory judgment action, 28 U.S.C. § 2201. The judgment of the district court is

*Affirmed.*