AMERICAN FEDERATION OF GOVERNMENT EMPLOY-EES, et al., Plaintiffs,

v.

Alice RIVLIN, as Director of the Office of Management and Budget, et al., Defendants.

NATIONAL TREASURY EMPLOYEES UNION, et al., Plaintiffs,

v.

UNITED STATES of America, et al., Defendants.

Civil Action Nos. 95–2115(EGS), 95–2153(EGS).

United States District Court, District of Columbia.

Feb. 12, 1998.

Gregory O'Duden, Elaine Kaplan, Barbara Atkin, National Treasury Employees Union, Washington, DC.

Virginia Seitz, Bredhoff & Kaiser, Washington, DC.

Mark D. Roth, Charles A. Hobbie, Anne Wagner, American Federation of Government Employees, Washington, DC.

Susan K. Rudy, Thomas Peebles, Joseph W. Lobue, U.S. Dept. of Justice, Washington, DC.

## MEMORANDUM OPINION AND ORDER

SULLIVAN, District Judge.

These consolidated cases present the issue of whether the President of the United States and executive agencies of the federal government may require federal and District of Columbia employees to work without com-

pensation during a budgetary impasse between the Executive and Legislative branches of the federal government. Plaintiffs commenced these actions on November 14, 1995 and November 20, 1995 seeking a declaratory judgment. On April 26, 1996, after seven months, two federal government "shutdowns," and thirteen short-term continuing resolutions, President Clinton signed into law the budget for fiscal year (FY) 1996. *See* Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub.L. No. 104–134, 110 Stat. 1321 (Apr. 26, 1996) ("1996 Budget").

 The issue now before the Court is whether, in light of the passage of the 1996 budget, these cases satisfy the requirements of Article III that there be an actual "case or controversy." "Article III of the Constitution restricts the federal courts to decide only 'actual, ongoing controversies....'" *See National Black Police Ass'n v. District of Columbia,* 108 F.3d 346, 349 (D.C.Cir. 1997) (quoting *Honig v. Doe,* 484 U.S. 305, 317, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988)). "Hence, 'even where litigation poses a live controversy when filed, ... this [C]ourt must refrain from deciding it if events have so transpired that the decision will neither presently affect the parties' rights nor have a more than speculative chance of affecting them in the future.'" *See National Black Police Ass'n,* 108 F.3d at 349 (citations omitted). The Court finds that this is precisely the case here. Given the passage of the 1996 budget, this Court's decision would neither presently affect the parties' rights nor have more than a speculative chance of affecting those rights in the future. Thus, the Court concludes that these cases are now moot. *See Rafferty v. Judicial Council for the District of Columbia,* 131 F.3d 219, 221 (D.C.Cir. 1997) (holding that there was no case or controversy and thus no basis for a declaratory judgment existed).

 Plaintiffs argue that these cases fall within the "capable of repetition, but evading review" exception to the mootness doctrine. This doctrine only applies if: "'(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again.'" *Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (quoting *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (internal citations omitted)); *National Black Police Ass'n,* 108 F.3d at 350.

The plaintiffs have not demonstrated either of these requirements here. First, the plaintiffs have not shown that the challenged action is too short in its duration to receive judicial review. Indeed, each and every time plaintiffs sought review in these cases, they received a full and fair opportunity for such review in this Court. Three motions for a temporary restraining order were filed in this Court on November 14, 1995, December 29, 1995, and January 2, 1996. The Court gave the parties an opportunity to fully brief the issues and held extensive motions hearings.

As to the second requirement, plaintiffs have not demonstrated that there is a reasonable expectation that *they* will be subjected to the same action again. It would be entirely speculative for this Court to attempt to predict if, and when, another lapse in appropriations may occur, how long that lapse might be, which agencies might be subject to the lapse, which employees might be affected, and whether employees will be required to work without compensation. Moreover, it is significant that no lapse in appropriations occurred for either federal fiscal years 1997 or 1998. Further, not only has there not been a governmental shutdown since 1995, Congress has appropriated and the President has signed appropriations acts for each federal agency for federal fiscal years 1997 and 1998.

In the view of the foregoing, it is clear that there is no present justiciable controversy between the parties. Thus, the Court concludes that these cases are now moot and do not fall within the "capable of repetition but evading review" exception to the mootness doctrine.

Accordingly, it is

**ORDERED** that these cases are **DISMISSED WITH PREJUDICE.**