**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3028-21

JORDAN HEALTH PRODUCTS
III, INC., and ONCOLOGY
SERVICES INTERNATIONAL,
INC.,

      Plaintiffs-Appellants,

v.

OSI HOLDINGS I, LLC,
FOUNDERS EQUITY NY, L.P.,
FOUNDERS EQUITY I, L.P.,
UPSTATE LINAC SERVICES,
LLC, TREMONT ASSOCIATES,
LLC, BERNARD AMATO, JOHN
CLAYBOURN, RONALD
DRAKE, DOMENIC GRECO,
RICHARD HALL, SCOTT JOHN,
RICKY KREIDER, LES MANN,
JOSEPH O'CONNOR, PHILIP
PODMORE, JAMES SHARKEY,
WARREN STANTON, VINCENT
TERRIBILE, and WILLIAM
YAEGER,

      Defendants-Respondents.

_____

Argued January 17, 2024 – Decided February 26, 2024

Before Judges Whipple, Mayer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-2509-20.

Alfonse R. Muglia argued the cause for appellants (Dentons US LLP, and Jason R. Scheiderer (Dentons US LLP) of the Missouri bar, admitted pro hac vice, attorneys; Erika M. Lopes-McLeman and Jason R. Scheiderer, on the briefs).

Ari J. Silverman argued the cause for respondents OSI Holdings I, LLC, Founders Equity NY, L.P., and Founders Equity I, L.P. (Paduano & Weintraub LLP, attorneys; Anthony J. Paduano, on the brief).

Daniel Seth Eichhorn argued the cause for respondents Philip Podmore, James Sharkey, Ronald Drake, Vincent Terribile, John Claybourn, Upstate Linac Services, LLC, Rick Kreider, Domenic Greco, William Yaeger, Scott John, Warren Stanton, Les Mann, Bernard Amato and Joseph O'Connor (Cullen and Dykman LLP, attorneys; Daniel Seth Eichhorn, of counsel and on the brief; Ryan P. Duffy, on the brief).

Eric S. Latzer argued the cause for respondent Richard Hall (Cole Schotz PC, attorneys; Cameron A. R. Welch and Eric S. Latzer, of counsel and on the brief).

PER CURIAM

Plaintiffs Jordan Health Products III, Inc. (JHP) and Oncology Services International, Inc. (OSI) (collectively, plaintiffs or Buyers) appeal from March 3, 2022 orders granting summary judgment to defendants OSI Holdings I, LLC (Holdings), Founders Equity NY, L.P., Founders Equity I, L.P., Philip Podmore,

2

James Sharkey, Ronald Drake, Vincent Terribile, John Claybourn, Upstate Linac Services, LLC, Ricky Kreider, Domenic Greco, William Yaeger, Scott John, Warren Stanton, Les Mann, Bernard Amato, Joseph O'Connor, and Richard Hall (collectively, defendants or Sellers). Plaintiffs also appeal from a January 28, 2022 order denying their motion for sanctions against defendants. We affirm all orders on appeal.

This matter arises from a July 6, 2016 Stock Purchase Agreement (SPA) between plaintiffs and defendants for the sale of OSI. JHP purchased defendants' equity in OSI, a company which sold and serviced medical equipment, for $42.5 million. Defendants signed the SPA in their individual capacity and as the owners of OSI stock.

The sale of OSI was subject to representations and warranties in the SPA. We recite the provisions in the SPA relevant to this dispute.

Under Section 5.21 of the SPA, entitled "Foreign Corrupt Practices Act," defendants represented and warranted that, as of the closing date for the sale of OSI, Sellers had not made any payment "where such payment would constitute a bribe, kickback or illegal or improper payment to assist [OSI] in obtaining products or services or obtaining or retaining business for, or with, or directing business to, any [p]erson."

3

Article X of the SPA, entitled "Indemnification," governed Sellers' obligation to indemnify Buyers. Defendants agreed to indemnify plaintiffs for any "Losses" resulting from a breach of Section 5.21 of the SPA. The term "Losses," defined under Section 1.1 of the SPA, included "any and all losses, liabilities, obligations, damages, judgments, fines, penalties, fees, costs and expenses."

The SPA further provided that a claim for indemnification could arise based on a meritorious third-party action. Thus, Section 10.5 of the SPA required plaintiffs to promptly notify defendants upon "becom[ing] aware of a third party claim which [JHP or OSI] believe[d] [was] likely to result in a [c]laim for indemnification pursuant to this Agreement."

Section 11.5 provided the SPA and all claims arising out of the SPA "shall be governed by and construed in accordance with the laws of the State of Delaware."

Having summarized the relevant provisions of the SPA, we recite the facts pertinent to this appeal.

In May 2019, two related Mexican companies, Centro Oncologico Internacional and Centro Avanzado de Radioterapia (collectively, CART), filed a demand for arbitration. In their arbitration demand, CART alleged a breach

of contract related to sales agreements in 2012 and 2013 between CART and OSI. CART subsequently amended its arbitration demand to include an allegation that OSI made certain commission payments, which constituted "commercial bribes in violation of New York law."

In a January 15, 2020 letter, sent pursuant to section 10.5 of the SPA, OSI included a third-party claim notice advising defendants of CART's amended arbitration claim, which included an allegation of bribery related to the sale of equipment by OSI. The third-party claim notice acknowledged plaintiffs' entitlement to indemnification under Section 5.21 of the SPA was contingent upon a determination that defendants made a payment constituting "a bribe, kickback or illegal or improper payment."

Shortly after serving the third-party claim notice, OSI learned CART separately filed a criminal complaint in Mexico, alleging OSI committed bribery. As a result, OSI sent a second third-party claim notice to defendants for indemnification. In a March 16, 2020 letter, defendants rejected plaintiffs' demand for indemnification under the SPA.

Based on defendants' denial of plaintiffs' indemnification request, and prior to completion of the arbitration, in April 2020, plaintiffs filed a complaint against defendants in the Superior Court of New Jersey for indemnification

5

(State court action) under the SPA. In the complaint, plaintiffs sought to recoup legal fees and expenses associated with defending OSI in the arbitration.

In an August 14, 2020 order, the trial court dismissed plaintiffs' complaint without prejudice. The trial court instructed plaintiffs to refile their complaint after the arbitration, when "damages have accrued [and] are finalized."

The International Centre for Dispute Resolution (ICDR) appointed an arbitrator. The ICDR arbitrator conducted four days of evidentiary hearings. The record of the evidentiary hearing before the ICDR arbitrator included several hundred exhibits and live testimony from witnesses for OSI and CART.

On March 29, 2021, the ICDR arbitrator issued a comprehensive, twenty-eight-page final award in OSI's favor, denying and dismissing CART's claims in their entirety. While CART alleged OSI committed fraud, bribery, and other transgressions, the ICDR arbitrator concluded CART failed to prove its allegations after a full evidentiary hearing. "[E]ven viewing the record from the most permissive standard of proof," the ICDR arbitrator determined "there [was] no basis in the record even to establish breach or simple negligence on the part of" OSI. The ICDR arbitrator expressly found there were no "kickbacks" or illegal or improper payments by OSI, and CART's "claims fail[ed] for lack of competent proof of their basic elements."

6

The ICDR arbitrator concluded CART "failed to prove either that [OSI had] engaged in any misrepresentation or concealment of the commission arrangements." Thus, the ICDR arbitrator's final arbitration award determined "[CART's] claims against OSI [were] without merit in fact or in law and should be denied and dismissed with prejudice on the merits in their entirety."

The ICDR arbitrator's written decision addressed, in detail, the propriety of the commissions paid by OSI based on the witnesses' testimony and documentary evidence proffered during the arbitration. OSI expressly argued to the ICDR arbitrator that the commissions paid were not "improper." In rendering the final award, the ICDR arbitrator agreed with OSI that no improper payments were made by it to CART.

After the ICDR arbitrator rendered a final award, plaintiffs moved to reinstate their State court action against defendants. In a June 15, 2021 order, the judge reinstated plaintiffs' State court action. About a month later, plaintiffs filed an amended complaint, asserting defendants breached the SPA by refusing to indemnify plaintiffs for "any Loss" sustained as a result of CART's claims. Additionally, plaintiffs brought claims under theories of unjust enrichment and promissory estoppel. Plaintiffs also sought a declaratory judgment for

indemnification based on defendants' breach of the SPA, and demanded damages in the amount of $2,300,000.

Hall was the first to file an answer and counterclaim. In his counterclaim, Hall alleged JHP refused to pay him "hundreds of thousands of dollars . . . due" to him under a promissory note. According to Hall, JHP refused to pay him under the promissory note because he failed to "satisf[y] his purported 'indemnification obligation.'" The other defendants subsequently filed answers.

Thereafter, the parties engaged in discovery. In January 2022, plaintiffs moved for sanctions against certain defendants for cancelling depositions scheduled by plaintiffs' counsel. Instead of requesting the trial court compel the depositions, plaintiffs asked the judge to strike defendants' answers, affirmative defenses, and Hall's counterclaim. In response, defendants cross-moved for sanctions against plaintiffs, noting plaintiffs waited until November 1, 2021 to serve discovery demands despite a January 3, 2022 discovery end date. Defendants explained they declined to proceed with the depositions because plaintiffs refused to timely respond to defendants' document demands.

The judge entered a January 28, 2022 order denying the motion and cross-motion. In an oral decision, the judge explained the parties could "arrange a mutually convenient schedule" for depositions "right up to the time of trial."

However, the judge expressly declined to "drag this case out," finding the parties had ample opportunity to exchange discovery.

On January 21, 2022, defendants filed separate summary judgment motions. Plaintiffs cross-moved for partial summary judgment on their claims for breach of contract, recoupment of fees and costs incurred as a result of the arbitration, and recovery of sums plaintiffs paid to settle outstanding issues with CART.

The motion judge heard oral argument on the motions. In a March 3, 2022 order and accompanying written decision, the judge denied plaintiffs' partial summary judgment motion, granted defendants' summary judgment motions, including summary judgment on Hall's counterclaim, and dismissed plaintiffs' amended complaint with prejudice.

Pursuant to Delaware law, which governed the SPA, the judge found indemnity provisions must be construed strictly rather than expansively. The judge determined plaintiffs sought to impose a duty to defend and indemnify on defendants. However, the judge noted the SPA only imposed an obligation on defendants to indemnify in the event the party seeking indemnification proved a breach of the SPA. Thus, consistent with the terms of the SPA, the judge

concluded the SPA required "an actual breach" rather than "a claim or accusation of breach . . . to trigger [d]efendants' indemnification obligations."

The judge also rejected plaintiffs' claims for unjust enrichment and promissory estoppel. Plaintiffs did not dispute the enforceability of the SPA. Because the SPA was an enforceable contract and governed the plaintiffs' rights, plaintiffs' claims based on unjust enrichment and promissory estoppel failed as those theories of liability were premised on the absence of an enforceable contract. Further, the judge found plaintiffs' declaratory judgment claim was derivative of their breach of contract claim and rejected that claim as well.

The judge also found plaintiffs' claims were barred by the doctrine of judicial estoppel. The judge noted the doctrine "operates to bar a party to a legal proceeding from arguing a position inconsistent with one previously asserted" if the party was successful in the earlier legal proceeding.

Here, the judge explained plaintiffs took the position during the arbitration "that wrongful payments were not made, and no improper sales of equipment occurred." However, the judge found plaintiffs took the opposite position in their State court action, demanding indemnification from defendants under the SPA for improper payments to CART. Because the ICDR arbitrator accepted OSI's position in the arbitration and dismissed CART's claims that OSI's

payment of commissions were kickbacks, bribes, or other wrongful payments, the judge held the doctrine of judicial estoppel applied and "require[d] that [plaintiffs'] contradictory position be prohibited."

Further, the judge granted summary judgment to Hall on his counterclaim for money owed under a promissory note because JHP did not dispute the amount owed. The judge found JHP's refusal to pay Hall was "predicated . . . on [a] 'setoff' defense which [was] based on the indemnification claim." Because the indemnification claim "fail[ed] as a matter of law," the judge held JHP's "setoff defense" failed as well.

Plaintiffs appeals from the January 28, 2022 and March 3, 2022 orders entered by the trial judge. Plaintiffs argue the judge erred in granting summary judgment to defendants. In addition, plaintiffs assert the judge erred in denying their motion for sanctions related to defendants' failure to comply with deposition notices. We reject plaintiffs' arguments.

We review a trial judge's grant [or denial] of a motion for summary judgment de novo, applying the same standard used by the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). Rule 4:46-2(c) provides that a motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." The court must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). "The court's function is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill, 142 N.J. at 540).

We review a trial court's interpretation of a contract, including an indemnification provision, de novo. Kieffer v. Best Buy, 205 N.J. 222-23 (2011); see also Cerciello v. Salerno Duane, Inc., 473 N.J. Super. 249, 257 (App. Div. 2022).

We first address plaintiffs' claim the judge erred in dismissing their claim for indemnification under the SPA. Because the SPA was governed by Delaware law, the judge applied Delaware law in resolving plaintiffs' demand for the indemnification.

Under Delaware law, the interpretation of a contract and whether there was a breach of the contract is a question of law and is generally appropriate to

resolve on summary judgment.  Alchemy LTD LLC v. Fanchise League Co., C.A. No. 2021-0476-LWW, 2023 WL 4670954, at *4 (Del. Ch. July 20, 2023).[1]

Further, Delaware law holds "[a] claim for indemnification resulting from the breach of a representation and warranty is a claim for breach of contract." Hudson's Bay Co. Lux. S.A.R.L. v. JZ LLC, C.A. No. 10C-12-107-JRJ, 2011 WL 3082339, at *2 (Del. Super. Ct. July 26, 2011).  To succeed on a breach of contract claim, a plaintiff must demonstrate:  (1) the existence of a contract; (2) "breach of an obligation imposed by that contract"; and (3) resultant damage. VLIW Tech., LLC v. Hewlett-Packard Co., 840 A.2d 606, 612 (Del. 2003).

Additionally, Delaware law declares "indemnity provisions are to be construed strictly rather than expansively. . . ." Computer Scis. Corp. v. Pulier, C.A. No. 11011-CB, 2019 WL 2183528, at *2 (Del. Ch. May 21, 2019) (quoting Winshall v. Viacom Int'l Inc., 76 A.3d 808, 824 n.42 (Del. 2013)).  Where parties to a contract "intend to create separate duties to indemnify and to defend, they employ an 'indemnify and defend against claims' clause or similar language to that effect." Winshall, 76 A.3d at 820.  However, if "the contract expressly

---

[1] Delaware courts accord unpublished opinions, including those of the Delaware Chancery Court, "substantial precedential weight." Crystallex Int'l Corp. v. Petróleos de Venez., S.A., 879 F.3d 79, 85 n.8 (3rd Cir. 2018) (citing Aprahamian v. HBO & Co., 531 A.2d 1204, 1207 (Del. Ch. 1987)).

13

imposes only a duty to 'indemnify,' as opposed to 'indemnify and defend,' the courts generally hold that there is no duty to defend." Ibid.

Here, under Section 10.1 of the SPA, defendants agreed to "indemnify and hold harmless [Buyers] from and against any and all Losses resulting from . . . any misrepresentation or breach of warranty made by [OSI] in Article V." Under Section 5.21, defendants represented and warranted OSI had not made any payment that "would constitute a bribe, kickback or illegal or improper payment."

Under the SPA, a mere allegation by a third party that defendants' conduct constituted a breach of the agreement was insufficient to require indemnification. The SPA required an actual breach of the agreement to trigger indemnification.

Recognizing their claim in the amended complaint—that defendants breached the SPA—was only an allegation, plaintiffs' argue they are entitled to prove through a trial on the merits that OSI's conduct constituted "improper payments," triggering indemnification under the SPA. Plaintiffs claim the judge should have "roll[ed] up his sleeves" and addressed what conduct constituted an "improper payment" under the SPA. Alternatively, plaintiffs assert the judge should have found a genuine dispute of material fact as to the impropriety of

OSI's commission payments to CART, precluding the entry of summary judgment.

However, the trial judge did not need to address these issues because the SPA's indemnity provision did not compel defendants' payment of fees and costs for defending claims that failed on the merits. The ICDR arbitrator concluded CART's claims against OSI in the arbitration failed in their entirety, including CART's claims asserting OSI engaged in the payment of kickback, bribes, and other wrongful payments.

Delaware courts hold "a duty to indemnify arises if an underlying claim is successful." Marydale Pres. Assocs., LLC v. Leon N. Weiner & Assocs., Inc., C.A. No. N19C-05-348, 2022 WL 4446275, at *18 (Del. Super. Ct. Sept. 23, 2022). Because CART's claim of improper, illegal, or wrongful payments by OSI was rejected in the arbitration, defendants had no duty to indemnify plaintiffs under the SPA. If CART had prevailed at the arbitration, then under the SPA defendants would have been obligated to indemnify plaintiffs for losses associated with the arbitration, including attorney's fees and costs.

Having reviewed the record and Delaware law governing indemnification, we are satisfied the judge did not err in granting summary judgment to defendants. The ICDR arbitrator found CART utterly failed to prove any of

their allegations despite having an opportunity to do so during the four-day evidentiary hearing. The ICDR arbitrator found no proof of any illegal, wrongful, or improper commission payments by OSI which could trigger defendants' duty to indemnify.

Plaintiffs' claims for declaratory judgment, unjust enrichment, and promissory estoppel are derivative of their claim for breach of contract. Because we are satisfied the judge correctly granted summary judgment to defendants on plaintiffs' breach of contract claim, plaintiffs' derivative claims fail as well.

We next address plaintiffs' argument that the judge erred in applying the doctrine of judicial estoppel to bar their claims. We disagree.

We review a trial court's decision applying judicial estoppel for abuse of discretion. In re Declaratory Judgment Actions Filed by Various Muns., Cnty. of Ocean, 446 N.J. Super. 259, 291 (App. Div. 2016). "The doctrine of judicial estoppel operates to 'bar a party to a legal proceeding from arguing a position inconsistent with one previously asserted.'" Cummings v. Bahr, 295 N.J. Super. 374, 385 (App. Div. 1996) (quoting N.M. v. J.G., 255 N.J. Super. 423, 429 (App. Div. 1992)).[2] The doctrine provides "where a party assumes a certain position

_____

[2] On appeal, plaintiffs cite New Jersey case law on the issue of judicial estoppel. We note Delaware law accords with New Jersey law in applying the doctrine.

16

in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position. . . ." Newell v. Hudson, 376 N.J. Super. 29, 38 (App. Div. 2005) (quoting Davis v. Wakelee, 156 U.S. 680, 689 (1895)). "The principle is that if you prevail in [s]uit [number one] by representing that A is true, you are stuck with A in all later litigation growing out of the same events." Kimball Int'l, Inc. v. Northfield Metal Prods., 334 N.J. Super. 596, 607 (App. Div. 2000) (quoting Eagle Found., Inc. v. Dole, 813 F.2d 798, 810 (7th Cir. 1987)). Judicial estoppel applies to "quasi-judicial" proceedings, Ramer v. N.J. Transit Bus Operations, Inc., 335 N.J. Super. 304, 311 n.2 (App. Div. 2000), including "arbitration proceedings." Terranova v. Gen. Elec. Pension Tr., 457 N.J. Super. 404, 414 (App. Div. 2019).

"The purpose of the judicial estoppel doctrine is to protect 'the integrity of the judicial process.'" Kimball Int'l, 334 N.J. Super. at 606 (quoting Cummings, 295 N.J. Super. at 387). The doctrine is "designed to prevent litigants from 'playing fast and loose with the courts.'" Tamburelli Props. Ass'n

See In re Silver Leaf, L.L.C., C.A No. 20611, 2004 WL 1517127, at *2 (Del. Ch. June 29, 2004).

v. Borough of Cresskill, 308 N.J. Super. 326, 335 (App. Div. 1998) (quoting Scarano v. Cent. R.R. Co., 203 F.2d 510, 513 (3d Cir. 1953)).

Here, plaintiffs argue that judicial estoppel is inapplicable because the arbitration never addressed whether OSI payments were "improper" under the SPA. We disagree.

Plaintiffs' amended complaint repeats and incorporates CART's claims presented in the arbitration, including alleged "improper" payments by OSI. In their amended complaint, plaintiffs stated the claims presented by CART in the arbitration included "allegations of improper commission payments."

In their post-hearing submission to the ICDR arbitrator, plaintiffs characterized CART's claims as "center[ing] around a theory that OSI's commissions were improper." While CART alleged OSI's commission payments constituted kickbacks, plaintiffs denied the commission payments constituted "kickbacks" or that OSI "agreed to a quid pro quo transaction." However, plaintiffs now claim defendants engaged in the payment of kickbacks and other improper payments despite their arguments to the contrary during the arbitration.

We also reject plaintiffs' argument that judicial estoppel is inapplicable because the SPA and the meaning of the term "improper payments" were not

presented to the ICDR arbitrator. In the final arbitration award, the ICDR arbitrator concluded CART failed to prove its claims against OSI in their entirety. In the arbitration, CART asserted OSI engaged in bribery, fraud, and other improper conduct related to the payment of commissions. Based on the findings and conclusions in the ICDR arbitrator's final award, we are satisfied plaintiffs cannot establish any "improper payments" by defendants which were not subsumed in the ICDR arbitrator's rejection of CART's claims in their entirety.

We next consider plaintiffs' argument the judge erred in granting summary judgment to Hall on his counterclaim. Plaintiffs acknowledge their claim for a set off related to payment of Hall's promissory note only succeeds "[i]f this court reverses the trial court's decision to grant summary judgment to Sellers." Because we affirm the judge's orders granting summary judgment, finding defendants had no duty to indemnify plaintiffs under these facts, plaintiffs' claim that the judge erred in granting summary judgment on Hall's counterclaim necessarily fails.

Lastly, we reject plaintiffs' argument that the judge erred in denying their motion to sanction defendants for alleged discovery violations. We review orders relating to discovery issues for abuse of discretion. Pomerantz Paper

19

Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011). An abuse of discretion "arises when a decision 'before is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)). In reviewing discovery orders, we generally defer to the rulings made by the trial judge. Cap. Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79-80 (2017).

Here, plaintiffs sought to strike defendants' answers rather than compel the noticed depositions. We discern no abuse of discretion in the judge's denial of plaintiffs' sanction motion. Defendants declined to produce witnesses for depositions because plaintiffs failed to provide outstanding discovery documents. As the judge stated, the parties had ample time for discovery and could "arrange a mutually convenient schedule" for depositions "right up to the time of trial." Under the circumstances, the judge appropriately exercised his discretion in denying plaintiffs' sanction motion.

Any remaining arguments raised by plaintiffs are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

20                                                          A-3028-21